## *MELLON CO. v. McCAFFERTY *et al.*

No. 2620.    Opinion Filed June 30, 1913.

Rehearing Denied July 22, 1913.

**TAXATION—Equalization—Remedies.** The syllabus in **Williams, County Clerk, v. Garfield Exchange Bank, post, 134 Pac. 863,** is made the syllabus in this case.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Mellon Company, a corporation, against Charles McCafferty as County Treasurer, John W. Riley as County Clerk, and another. From a judgment for defendants, plaintiff brings error. Affirmed.

*Douglas B. Crane,* for plaintiff in error.
*Sam Hooker, Wm. H. Zwick,* and *A. F. Moss,* for defendants in error.

TURNER, J. From a judgment sustaining a demurrer to its petition and dissolving a temporary restraining order the Mellon Company, a corporation, plaintiff in error, plaintiff below, brings the case here, and assigns that the court erred in sustaining the demurrer. The petition, which was filed December 22, 1910, in the district court of Oklahoma county after alleging the corporate existence of plaintiff and John W. Riley to be the duly elected, qualified and acting county clerk of Oklahoma county, Charles McCafferty, the county treasurer, and Ezra Offut, the duly qualified and acting assessor for the city of Oklahoma City for the year 1910, substantially states that it was understood and agreed by and between the members of the board of equalization of Oklahoma county and said Offut that the property of said city

should be assessed at 60 per cent. of its fair and actual cash value for the purpose of taxation, and that the members of said board and the township assessors throughout said county agreed that they would make the assessment of all property within the county upon the same basis; that pursuant to said agreement said Offut did assess all the property in the city of Oklahoma City upon the same basis, save and except the property of plaintiff and the property of other kindred corporations in said city; that he assessed plaintiff $132,000, whereas if he had assessed plaintiff's property in the same proportion that he assessed that of individuals throughout the city and county the same would have been assessed at $79,200; that all the property in the county was assessed at 60 per cent. of its fair cash value, and the property of plaintiff and other and kindred corporations was assessed its full cash value. The prayer of the petition was that the defendant Riley as county clerk be enjoined from spreading upon the tax rolls the amount of $3,111.80 as taxes against plaintiff; that the county clerk be enjoined from placing upon the tax rolls for taxes against plaintiff any sum in excess of $1,873.08; that defendant McCafferty be enjoined from collecting as such any sum in excess of $1,873.08 as taxes for the year 1910, etc., and for general relief.

The question arising upon the demurrer is identical with the point decided in *Oklahoma City Mill & Elevator Company v. Riley* (which opinion will not be published), and covered in the syllabus of that case, which reads:

"1.   Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Equitable remedies cannot be resorted to.

"2.   The petition in a suit by a corporation to enjoin the collection of a portion of its taxes upon the ground that by a prearranged plan the taxing officers assessed the property of all corporations at its true cash value, as required by law, whilst they assessed the property of the same class belonging to individuals at 60 per cent. of its true cash value which

fails to state that the plaintiff made any effort to have the lack of uniformity redressed in the manner provided by sections 7366 and 7367, Rev. Laws 1910, or facts sufficient to excuse such omission does not state facts sufficient to constitute a cause of action."

See, also, *Williams, County Clerk, v. Garfield Exchange Bank of Enid, post,* 134 Pac. 863. Following these cases, the judgment of the trial court is affirmed.

HAYES, C. J., and KANE, J., concur; WILLIAMS and DUNN, JJ., absent, and not participating.