THOMPSON *et al.* v. BRADY *et al.*

No. 3587.    Opinion Filed May 12, 1914.

On Rehearing, September 15, 1914.

(143 Pac. 6.)

1.    **TAXATION—Equalization—Remedies—Appeal.** A taxpayer aggrieved at the action of the State Board of Equalization in changing the aggregate valuation on any class of property from that as certified from the county board of equalization, must come into this court by appeal, as provided in sections 7368, 7369, and 7370, Rev. Laws 1910, in every case except "where the aggrieved party has no taxable property within the tax district of which complaint is made."

2.    **SAME—Injunction.** In such case the remedy by appeal provided by statute is exclusive, and the aggrieved party by the terms of the statute is denied the right to go into the district court and secure an injunction against the county officers to restrain them from collecting the taxes based upon the increased valuation as fixed by the State Board of Equalization.

(Syllabus by Galbraith, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Injunction by S. E. Brady and others against the Board of County Commissioners and Treasurer of Canadian County. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

*J. L. Trevathan,* Co. Atty., *Chas. West,* Atty. Gen., *W. C. Reeves,* Asst. Atty. Gen., and *R. B. Forrest,* for plaintiffs in error.

*G. E. Bingham* and *E. E. Blake,* for defendants in error.

Opinion by GALBRAITH, C.    This action was commenced in the district court of Canadian county to secure an injunction against the board of county commissioners and the treasurer of that county to restrain them from collecting, or attempting to collect, certain taxes for the year 1911, in compliance with the directions of the State Board of Equalization. It was charged in the bill: That the property of the respective plaintiffs located

in Canadian county had been duly assessed by the township assessor and equalized by the board of equalization of the township, and again equalized by the county board of equalization, and that when the assessment of said county was certified to the State Auditor by the county clerk, 14 of the 49 items, included in said certificate, and the valuation thereon as fixed by the county board of equalization, were changed by the State Board of Equalization by raising such valuation a designated percentage. That the items whose valuation was so changed included the following: (1) Horses; (2) mules and asses; (3) cattle; (4) sheep and goats; (5) swine; (8) wagons; (9) carriages and other vehicles; (11) automobiles; (14) household furniture, sewing machines, and private libraries; (15) pianos; (28)· average amount and value for preceding year of capital; stock and property employed in merchandising; (29) average amount in value for preceding year of goods, wares, and merchandise, and other property held for sale by agent; (47) lands; and (48) city, town, and village lots, and the valuation of one item, to wit, No. 6, "agricultural tools, implements and farm machinery," was lowered. That the action of the State Board of Equalization in increasing the valuation of said fourteen items and lowering the one was without authority of law, and contrary to the provisions of the Constitution, both of the state and the United States, and was illegal and void, and that the clerk had extended the taxes of the plaintiffs, as raised on these several items by the State Board of Equalization, on the tax rolls of the county, and the defendants were threatening and proceeding to collect the same and would do so unless restrained by order of the court—and prayed for an injunction restraining the defendants from attempting to collect the taxes against the several plaintiffs, other than those as passed by the county board of equalization. The defendants demurred to the bill on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, the defendants electing to stand thereon, judgment was entered as prayed in the bill, and a permanent injunction granted. To review this judgment the defendants have perfected an appeal to this court.

First, the defendants in error have argued a motion to dismiss the appeal on the ground that the record does not show affirmatively the authority of the Attorney General to represent the plaintiffs in error as county officers of Canadian county. Since the plaintiffs in error have not asked to have the proceedings dismissed, we will presume that they are satisfied with being represented by the Attorney General, and that he is duly authorized to appear for them in the prosecution of this appeal, although the record does not show that the Governor directed him to act in this particular case. And, further, the county attorney and private counsel appear with the Attorney General as counsel for the plaintiffs in error. The motion will therefore be denied.

The action of the State Board of Equalization, questioned in this suit, was taken under authority of chapter 72, art. 6, Rev. Laws 1910. Section 7370 of this chapter would seem to justify the conclusion that the defendants in error were mistaken in their remedy, and did not select the correct procedure to correct the grievance complained of. This section reads as follows:

"The proceedings before the Board of Equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

It is charged in the bill that each of the plaintiffs therein has taxable property in the taxing district, so none of them are within the exception named in the above statute.

Section 7368, *Id.*, allows the party aggrieved 60 days after the adjournment of the State Board of Equalization to appeal to the Supreme Court, and the court in *Re Western Union Telegraph Co.*, 29 Okla. 483, 118 Pac. 376, pointed out distinctly the procedure that should be followed by the aggrieved party wishing to have reviewed the action of the State Board of Equalization, and the procedure to be followed in the Supreme Court. In denying the right of the aggrieved party to have the action of the State Board of Equalization reviewed in the manner attempted by the defendants in error in a case similar to the instant case, it was said:

"So that when the property of the county was submitted for the action of the State Board of Equalization the presumption conclusively obtained that it had all been assessed on a uniform basis, and that, according to the judgment of the officials who were called upon to act, the assessment so conformed to the fair cash value thereon. Upon this judgment it was the duty of the State Board of Equalization to act, and when it had acted, in the absence of fraud or gross error in the system on which the valuations were made, its judgment was final, except by appeal, and the plaintiffs could not, in this manner, put against and nullify it, either the judgment of themselves, the county clerk, the board of county commissioners, or of any court. The hearing which they seek is not provided for by statute, but is specifically legislated against." See chapter 87, Sess. Laws 1910; *Carrico et al. v. Croker et al.*, 38 Okla. 440, 443, 133 Pac. 181.

Inasmuch as every contention made by the defendants in error in support of their right to pursue the equitable remedy of injunction has been carefully considered and denied by this court in earlier cases, it would serve no useful purpose to go over this ground again. *In re Appeal of McNeal,* 35 Okla. 17, 128 Pac. 285; *Melion Co. v. McCafferty et al.,* 38 Okla. 534, 135 Pac. 278; *Rumph, County Treasurer, v. Joines et al.,* 38 Okla. 30, 131 Pac. 1095; *Carrico v. Crocker et al., supra; Oklahoma City Mill & Elcv. Co. v. Riley,* cited in 38 Okla. 535, 135 Pac. 279; *Williams, County Clerk, v. Garfield Exchange Bank of Enid,* 38 Okla. 539, 134 Pac. 863.

These authorities settle the proposition that any taxpayer aggrieved at the action of the State Board of Equalization in changing the aggregate assessment of any particular class of property as passed by the county board of equalization, and seeking to have such action reviewed, must come into this court by appeal, as provided in the statute in every case, except the one instance named in the statute; also that the defendants in error in the instant case mistook their remedy, and that the facts set out in the petition did not authorize an injunction, and that the demurrer thereto was well taken and should have been sustained.

We, therefore, recommend that the judgment appealed from be reversed, and said cause remanded to the district court of

Canadian county, with direction to vacate the injunction and to dismiss the cause.

### On Rehearing.

Since granting the rehearing herein this court has passed upon the questions raised by the petition, namely, the constitutionality of article 6, c. 72, being sections 7366, 7367, 7368, 7369, and 7370, Rev. Laws 1910, holding that these statutes do not violate any one of the provisions of the Constitution as contended by counsel for defendants in error, and that their enactment was the proper exercise of power vested in the Legislature by the Constitution. See *Hopper v. Oklahoma County,* 43 Okla. ——, 143 Pac. 4.

Upon authority of this decision the contention that the above statutes are unconstitutional and void is denied, and the law of the cause, as announced in the former opinion filed herein, is adhered to in all respects.

By the Court:   It is so ordered.