ALMERIN GILLETT, *et al.*, v. THE TREASURER OF LYON
COUNTY, *et al.*

COUNTY BOARD *of Equalization; Notice.*   Since 1876 the county board of
equalization has power to equalize the valuation of personal property,
and to that end may raise or lower the assessment thereof, and this with-
out personal notice to the owner — the rule as to personal property being
now the same as it is in regard to real property.

*Error from Lyon District Court.*

ACTION brought by *Gillett* and others against the treasurer
and the sheriff of Lyon county, to perpetually enjoin the col-
lection of a tax on certain cattle.    At the March Term, 1883,
the district court overruled plaintiffs' demurrer to defendants"

answer, which ruling plaintiffs bring here. The opinion contains a sufficient statement of the facts.

*Almerin Gillett*, for plaintiffs in error.

*Buck & Feighan*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is, as to the powers of the county board of equalization in respect to personal property. Prior to 1876 the law was settled that personal-property assessments could not be changed except after notice to the owner. (*Comm'rs v. Lang*, 8 Kas. 287; *Rly. Co. v. Comm'rs*, 16 id. 587; *Rld. Co. v. Smith*, 19 id. 233.) At the same time the board of equalization had power to correct the assessment of real estate without personal notice to the owner. (*Rld. Co. v. Russell*, 8 Kas. 558: *Rld. Co. v. Comm'rs*, 16 id. 587.)

This distinction grew out of the legislation in force prior to that time. Sec. 43, ch. 107, General Statutes, constituted the board of equalization, but gave it power simply in respect to real estate. The time of meeting of that board was fixed by statute, and notice of the time of meeting was also required to be published; so it was held that, given power to equalize, the time of meeting prescribed, as well as publication of the notice of the time of meeting, the board without further and special notice had power to change the assessment of real estate by either raising or lowering; while the board of equalization having no jurisdiction over personal property, § 65 prescribed the only method of correcting the assessment of personal property, and that in terms required notice to the owner.

In 1876 a radical change was made in the tax law. By § 74 of the tax law of that year, (being ch. 107, Comp. Laws 1879,) the board of equalization is in terms given jurisdiction over the equalization of the valuation of personal property to the same degree as over real property. The time of meeting being fixed, and publication of notice of the time of meeting being required, the same argument which prior to 1876 sus-

tained the power of the board to raise the valuation of real estate without personal notice to the owner, sustains now like action as to personal property.

If this were all, it would be simply sufficient to refer to those prior cases, and rest this decision upon them; but there are other provisions of the statute — some which strengthen this conclusion, and others, which it is claimed still require personal notice. In noticing the changes, we shall refer to the tax law in the general statute of 1868, and that in the Comp. Laws of 1879. Now in the former, by §10, the party listing personal property was required himself to place a value on it. By §9 of the latter, he is simply called upon to give the items and the amount, and by §14 the assessor is required to increase or diminish the value, if satisfied that the true value is not placed thereon by the owner, with a proviso that the change shall be made at the time the return is made to the assessor. Section 59 further provides that any sworn statement made by the owner to the assessor shall not be conclusive as to the value of any personal property, and also that the owner shall not be required to swear to the value.

Again, by §58, the several assessors of the county are required to meet on the first Monday of March and agree upon an equal basis of valuation of such property as they may be called upon to assess. These provisions plainly indicate that, while up to 1876 the owner placed his own valuation on personal property, which valuation was conclusive unless changed by the county clerk or county board under the provision of §65, since 1876 the valuation is made by the assessor, the same as it is done of real property; and any valuation given by the owner is simply a matter of information to the assessor.

Now, putting these matters with those heretofore referred to, it seems clear that since 1876 the legislature intended that the board of equalization should have the same jurisdiction over personal as of real property.

As against this it is urged that by §70 of the law of 1876, the same power is given to the county clerk and county commissioners to correct any assessment of personal property,

with the like restriction as to personal notice as in the law of 1868. Hence the argument is, that the board of county commissioners, being the same as the board of equalization, §§ 70 and 74 must be construed together; and that while under § 74 the board may equalize assessments of personal property, under § 70 it does so only upon notice, and hence that notice is required in all cases.

We cannot assent to this argument. The board of equalization is a distinct tribunal from the board of county commissioners. That it is composed of the same persons is immaterial. Their powers and duties are dissimilar. The state board of equalization is composed of several state officials, but the powers and functions of that state board are different from those of each individual officer who is a member thereof. So while the county board of equalization is composed of the same members as the county board of commissioners, yet its powers and functions are essentially different. There was no necessity for making the constituent members of one board the same as the other, and the fact that they are so does not unify the functions or the powers of the two.

Further, the term of the board of equalization is limited to ten days under § 74, while the county clerk of the board of county commissioners under § 70 may proceed at any time. We see no conflict between § 70 and § 74. One refers to the powers of the county clerk and county commissioners, and the other to those of the board of equalization. The tribunals are different, no matter who are the constituent members thereof.

Hence we conclude that the county board of equalization has power now to change the valuation of personal property, as it has that of real estate, by raising or lowering the same, and that the old rule was changed by the legislation of 1876. We may add in conclusion, that the various assessors of Lyon county met as required by statute, and agreed upon a basis of assessments; that afterward this basis of assessments was ignored by the assessors of certain townships, and that the only

action of the commissioners was in raising the assessments in these townships to the basis agreed upon at such meeting. This is simply an additional reason for sustaining the action of the county board.

The judgment of the district court will be affirmed.

All the Justices concurring.