RUMPH, *County Treasurer*, v. JOINES *et al.*

No. 3534.    Opinion Filed May 14, 1912.

Rehearing Denied April 15, 1913.

(131 Pac. 1095.)

COLLECTION OF TAXES—Injunction. Reversed and remanded, with directions to dismiss the bill upon the authority of In re Appeal of J. W. McNeal from the action of the State Board of Equalization, 35 Okla. 17, 128 Pac. 285, and Ira Williams, as Co. Clerk of Garfield Co., v. Garfield Exchange Bank, post, 134 Pac. 863.

(Syllabus by the Court.)
Williams, J., dissents.

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by U. S. Joiñes and others against D. M. Rumph, County Treasurer. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions to dismiss.

*James H. Mathèrs* and *W. R. Bleakmore,* for plaintiff in error.

*Cruce & Potter,* for defendants in error.

KANE, J.  This was a suit in equity, commenced in the district court of Carter county by the defendant in error and 29 others, as plaintiffs, against the plaintiff in error, as treasurer of said county, for the purpose of enjoining him from enforcing the collection of taxes assessed and levied against the property of the plaintiffs according to an alleged unlawful increase in the assessed valuation of such property made by the State Board of Equalization. The petition alleges, in substance, that the plaintiffs are residents and owners of property, real and personal, in Carter county; that they rendered their property for taxation at its actual value, estimated from what it would bring at a fair sale; that, after the assessments had been made and equalized by the county board of equalization, the list of assessments was sent to the State Board of Equalization; that the total valuation of the property in said county was not less than the fair average valuation which the property of said county bore to all the other property in the state; that the State Board of Equalization increased the valuation of every county in the state, claiming that the same was not fixed at its fair valuation, and raised the valuation in Carter county from $10,-886,443 to $14,609,285, an increase in said county of about 45 per cent. over that made by the county board; that the county clerk of Carter county, upon receiving the certificate of the State Board of Equalization, increased the valuation of each of the defendants in error upon the real or personal property or both, and extended such increase upon the tax rolls against their property; that such taxes and assessments

so increased were by plaintiff in error extended upon his books as treasurer and levied against the property of defendants in error, and as such are a lien and incumbrance upon their property; that the action of the State Equalization Board in raising the assessed valuation of the several counties of the state, including Carter county, was not for the purpose of equalizing the assessment of the several counties, but for the purpose of increasing the assessment in order to create a greater revenue; and that such action of the State Equalization Board was unlawful and void. The prayer of the plaintiffs is that the plaintiff in error and all persons acting by, through, or under him be perpetually enjoined from the collection of the taxes levied against the property of the defendants in error according to such increased valuation. A demurrer to the petition was overruled by the court, and, the defendant declining to plead further, a peremptory injunction was issued in accordance with the prayer of the petition, to reverse which this proceeding in error was commenced.

It is apparent that the questions herein involved are identical in principle with those decided by this court in *Re Appeal of J. W. McNeal* from the State Board of Equalization, 35 Okla. 17, 128 Pac. 285, and *Ira Williams, as County Clerk of Garfield County v. Garfield Exchange Bank, post,* 134 Pac. 863.

Upon the authority of those cases, the judgment of the court below must be reversed, and the cause remanded, with directions to dismiss the bill.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., dissenting.