## CARRICO et al. v. CROCKER et al.

No. 4479. Opinion Filed February 11, 1913.

Rehearing Denied July 8, 1913.

(133 Pac. 181.)

1.  TAXATION—Equalization by State Board—Duties of County Clerks. On the return to the county clerk of a county of the statement by the State Board of Equalization showing its action in raising or lowering the assessment of the county, it is the duty of the said official to extend the same upon the tax rolls.

2.  SAME—Certification to County—Notice to Taxpayers. No notice is provided by the statute nor required to be given to the taxpayers of a county at the time the county clerk, on receipt of the statement from the State Board of Equalization showing the raising or lowering of the assessment of such county, extends the same upon the tax rolls thereof.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Samuel Crocker and others against G. H. Carrico and others, constituting the Board of County Commissioners and the County Treasurer of Oklahoma County. From a judgment for plaintiffs, defendants bring error. Reversed and remanded.

*C. W. Stringer, I. R. McQueen,* and *Sam Hooker,* for plaintiffs in error.

*John H. Wright* and *C. J. Blinn,* for defendants in error.

DUNN, J. On March 27, 1912, Samuel Crocker and a number of other taxpayers of Oklahoma county began their action against the board of county commissioners and county treasurer of said county in the district court thereof. The purpose of the action was to restrain the collection of the taxes of the said parties for the year 1911, as the same were equalized

by the State Board of Equalization. Since the filing of the case this court has in effect decided every question presented therein in the following cases: *In re McNeal,* 35 Okla. 17, 128 Pac. 285; *In re Western Union Telegraph Co.,* 29 Okla. 483, 118 Pac. 376; *Board of Com'rs of Kingfisher County v. Guarantee State Bank et al.,* 27 Okla. 736, 117 Pac. 216; *Asher State Bank v. Board of Com'rs of Pottawatomie County,* 31 Okla. 145, 120 Pac. 634; *Williams v. Garfield Exchange Bank, ante,* 134 Pac. 863; *Rumph v. Joines, ante,* 131 Pac. 1095; *London et al. v. Day, ante,* 133 Pac. 181.

The case at bar might well be disposed of on the authority of the foregoing cases without discussion, except the defendants in error present here the proposition: First, that there was no order made by the State Board of Equalization requiring the county clerk to extend the raise upon the property of the taxpayers, and hence the said official was without authority to do so; and, second, that the said taxpayers were entitled to notice and a hearing before the said raise was extended.

On the first proposition the statute (section 7620, Comp. Laws 1909, Rev. Laws 1910, sec. 7373) provides in reference to the State Board of Equalization:.

"It shall be the duty of said board to examine the various county assessments and to equalize, correct and adjust the same as between the counties by increasing or decreasing the aggregate assessed value of the property or any class thereof, in any or all of them, to conform to the fair cash value thereof as herein defined and to order and direct the assessment rolls of any county in this state to be so corrected as to adjust and equalize the valuation of the real and personal property of the several counties in this state."

Under the system of taxation provided by law in Oklahoma, it is provided in section 7616, *Id.* (Rev. Laws 1910, sec. 7369), for equalization between individuals by the township board of equalization, which is authorized to correct, equalize, and adjust assessments therein between the individual taxpayers. On the completion of these duties it is provided in section 7617, *Id.* (Rev. Laws 1910, sec. 7370), that the county board of equaliza-

tion shall hold a session for the purpose of equalizing, correcting, and adjusting the assessment rolls in its county between the different townships thereof.   Thereafter it is provided in section 7619, *Id.* (Rev. Laws 1910, sec. 7372), that the county clerk shall forward to the State Auditor the equalized and corrected assessment rolls of the county, the purpose thereof being to enable the State Board of Equalization to equalize as between the counties of the state, so that a. fair cash value of assessment between the different counties may be secured.   Under the provisions of section 7620, *supra,* after the State Board of Equalization has acted and equalized between the counties, it is then its duty to order and direct the assessment rolls in the counties in the state to be so corrected as to conform to its action.   The county clerk is the clerk of the board of equalization for the county. The assessment rolls are in his hands and custody, and on the return of the statement from the State Board of Equalization, showing its action and without any specific order thereof, it was his duty to so equalize the tax rolls as to make them conform to the valuation fixed by the said board.   All of the county and other levies are based upon the equalization as finally fixed by this board, and section 7624, *Id.* (Rev. Laws 1910, sec. 7377) provides for the adjournment of the board of county commissioners to await the statement of the State Board, if it has not been received by the third Friday in July of each year.   All of which shows that it is clearly the contemplation of the law that the county clerk should, on receipt of the statement from the State Board of Equalization, extend the same upon the tax rolls.   The receipt of such official statement from the said board was tantamount to an order directing the assessment rolls of his county to be corrected to conform thereto.

On the question of the right to notice and an opportunity to be heard, of a taxpayer, before the action of the state board should be applied to his individual assessment, thereby placing his property on the rolls at a higher valuation than was placed upon it by the township and county boards, conceded by both

counsel to be the real question involved in this appeal, we will say that the statute makes no provision for such a hearing. The system for assessment and levy of taxes in the state prior to the county assessors law in 1911, provided that, after the individual's property had been assessed by the township assessor, it should be equalized as between individuals by the township board. Every taxpayer had the most ample opportunity to be heard before this board. Its day of meeting was fixed by statute, and any inequality or injustice done any individual could there be remedied. Not only was there an opportunity for a hearing before the said board afforded, but an appeal was provided to the board of county commissioners, and from thence to the county court. But it is not this assessment of which complaint is made, nor of the equalization made by the county board of equalization. Plaintiffs are apparently satisfied with both of these, but their complaint is that the equalization of the county as made by the state board assessed their property beyond its fair cash value, and hence that they were entitled to the remedy which they here seek. In this contention we are unable to agree. At the conclusion of the labors of the township board of equalization the presumption obtains that every taxpayer owning property in the township and who did not appeal was satisfied with the action of such board. In contemplation of law he was before the board and acquiesced in his assessment. The same rule obtains in reference to the county board of equalization. In the absence of any protest or appeal, every township, at the conclusion of the labors of that board, was presumed, with all of its taxpayers, to be satisfied with its action and to consent that its conclusion was correct. So that when the property of the county was submitted for the action of the State Board of Equalization the presumption conclusively obtained that it had all been assessed on a uniform basis and that, according to the judgment of the officials who were called upon to act, the assessment conformed to the fair cash value thereof. Upon this judgment it was the duty of the State Board of Equalization to act, and

when it had acted, in the absence of evidence of fraud. or gross error in the system on which the valuations were made, its judgment was final, except by appeal, and plaintiffs could not in this manner put against and nullify it, either the judgment of themselves, the county clerk, the board of county commissioners, or of any court. The hearing which they seek is not provided for by statute, but is specifically legislated against. See chapter 87, p. 173, Sess. Laws 1910; also, 1 Cooley on Taxation, p. 786; *Foster v. Rowe,* 128 Wis. 326, 107 N. W. 635, 8 Ann. Cas. 599; *Taylor v. Secor,* 92 U. S. 575, 23 L. Ed. 672; *Gilbert v. Lyon County,* 30 Kan. 166, 1 Pac. 577.

The judgment of the trial court is reversed, and the case remanded, with instructions to dismiss the petition.

HAYES, C. J., and KANE, J., concur; WILLIAMS and TURNER, JJ., dissent.