LONDON *et al.* v. DAY.

No. 3734.   Opinion Filed February 11, 1913.

Rehearing Denied July 8, 1913.

(133 Pac. 181.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by Thomas J. Day against R. H. London and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions to dismiss.

*C. P. Holt,* Co. Atty., *Chas. W. Friend,* and *R. P. Wyatt,* for plaintiffs in error.

*Roscoe C. Arrington* and *John L. Arrington,* for defendant in error.

PER CURIAM.   This cause presents error from the superior court of Pottawatomie county, and grows out of the action of the State Board of Equalization in raising the assessed value of real estate in said county 50 per cent, over and above the amount fixed by the county board of equalization for the year 1911.  The defendant in error, plaintiff below, filed his action to enjoin the plaintiffs in error, being the board of county commissioners, treasurer, and sheriff, from collecting so much of the taxes on the real property of the defendant in error as was caused by the said raise.  So far as the merits of the case and the remedy are concerned, they have been settled in this court, directly and in principle in a number of decisions wherein the same and kindred questions were involved, and it would be a useless labor to review what we have there said.  See *Williams v. Garfield Exchange Bank, post,* 134 Pac. 863; *Rumph, Treasurer, v. Joines, ante,* 131 Pac. 1095; *In re McNeal,* 35 Okla. 17, 128 Pac. 285; *In re*

*Western Union Telegraph Co.,* 29 Okla. 483, 118 Pac. 376; *Board of Com'rs of Kingfisher County v. Guarantee State Bank et al.,* 27 Okla. 736, 117 Pac. 216; *Asher State Bank v. Board of Com'rs of Pottawatomie County,* 31 Okla. 145, 120 Pac. 634.

In addition, however, plaintiff assails the constitutionality of the act of the Legislature under which the foregoing opinions have been rendered. Chapter 87, Sess. Laws 1910. We have examined the contentions made in this regard, but deem them to be without merit.

The judgment of the trial court is therefore reversed, and the cause is remanded, with instructions to dismiss it.

TURNER and WILLIAMS, JJ., dissent.