## HOPPER *et al.* v. OKLAHOMA COUNTY.

No. 5687.   Opinion Filed September 1, 1914.

(143 Pac. 4.)

1.   **TAXATION—Equalization—Appeal.**   Chapter 87, Sess. Laws 1910, and chapter 152, Sess. Laws 1910-11, creating a board of equalization with power to equalize assessments and to adjust individual assessments, such board is a quasi judicial body, and an appeal will lie from the decision of such board to the district court.

2.   **SAME—Validity of Statute.**   Chapter 152, Sess. Laws 1910-11, is not unconstitutional under article 4, sec. 1, of the Constitution and article 7, sec. 1, of the Constitution.

3.   **SAME—Statutes—Adequacy of Remedy.**   Chapter 87, Sess. Laws 1910, and chapter 152, Sess. Laws 1910-11, construed together, provide an adequate and certain remedy by appeal.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Cora Hopper and another, against Oklahoma County.   From an order setting aside judgment for plaintiffs, they bring error.   Reversed and rendered.

*Wright & Blinn,* for plaintiffs in error.

*D. K. Pope,* County Atty., and *H. Y. Thompson,* Asst. Co. Atty., for defendant in error.

LOOFBOURROW, J.   Plaintiffs in error complained to the county equalization board of Oklahoma county that the valuation placed upon certain lots in Oklahoma county was more than the fair cash value of said lots on January 1, 1912; from the action of the county equalization board plaintiffs in error appealed to the district court; the district court heard the evidence, found that the valuation of the property was excessive, and entered judgment reducing the assessment on the property set forth in the appeal on July 16, 1913; on August 25, 1913, defendant in error filed a motion to set aside said judgment for the following reasons:

"First. That under the Constitution of the state of Oklahoma the Legislature cannot authorize an appeal from the county assessor or the county board of equalization. Second. That if under the Constitution such an appeal can be allowed, then the present law is void for uncertainty."

The motion was sustained, and the judgment in favor of plaintiffs in error set aside. From this order plaintiffs in error appeal, and it is agreed by the parties to this appeal that there are but two questions involved in this case, which were those involved in the motion as above indicated.

It is contended that, since article 4, sec. 1, of the Constitution of Oklahoma provides:

"The powers of the government of the state of Oklahoma shall be divided into three separate departments: The legislative, executive, and judicial; and except as provided in this, Constitution, the legislative, executive, and judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others"
—and that since taxation comes within the powers of the legislative department, no part of that function of government may be exercised by the judicial department. In support of this proposition, counsel cite, among other cases, *Silven v. Board of County Commissioners,* 76 Kan. 687, 92 Pac. 604, 13 L. R. A. (N. S.) 716, 14 Ann. Cas. 163, wherein the Supreme Court of Kansas held that an act of the Legislature providing for appeals from the action of the assessor to the board of equalization and from the board of equalization to the district court was unconstitutional for the reason that the assessment of property for purposes of taxation is not a judicial function. However, the strict rule applied in the Kansas case is not followed by a great many courts, and the contrary doctrine has been repeatedly recognized by this court. See *London et al. v. Day,* 38 Okla. 428, 133 Pac. 181, a case involving the identical proposition, in which opinion the following Oklahoma cases are cited: *Williams v. Garfield Exchange Bank,* 38 Okla. 539, 134 Pac. 863; *Rumph, Treas., v. Joines,* 38 Okla. 30, 131 Pac. 1095; *In re McNeal,* 35 Okla. 17, 128 Pac. 285; *In re Western Union*

*Telegraph Co.,* 29 Okla. 483, 118 Pac. 376; *Board Com'rs of Kingfisher Co. v. Guarantee State Bank et al.,* 27 Okla. 736, 117 Pac. 216; *Asher State Bank v. Board of Com'rs of Pottawatomie Co.,* 31 Okla. 145, 120 Pac. 634—in which the validity of such statute is recognized.   And the court said:

"In addition, however, plaintiff assails the constitutionality of the act of the Legislature under which the foregoing opinions have been rendered.   Chapter 87, Laws 1910.   We have examined the contentions made in this regard, but deem them to be without merit."

Section 1, article 7, Const. Okla. provides:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

While by section 1, of article 3, of the Kansas Constitution the judicial power of the state is vested solely in the courts, no authority being given the Legislature to clothe commissions or boards with judicial power.

For authorities holding that a court may review or correct assessments, see *Ward v. Beale,* 91 Ky. 60, 14 S. W. 967; *Spencer v. Ensign,* 55 Minn. 278, 56 N. W. 1006; *Merrick v. District Court,* 33 Minn. 235, 22 N. W. 625; *State v. North Plainfield Township,* 43 N. J. Law, 349; *Wheeling B. & T. R. Co. v. Paull,* 39 W. Va. 142, 19 S. E. 551; *C. & S. Bridge Co. v. Kanawha County Court,* 41 W. Va. 658, 24 S. E. 1002; *State v. South Penn. Oil Co.,* 42 W. Va. 80, 24 S. E. 688; *Edes v. Boardman,* 58 N. H. 580.   And in the following cases the constitutionality of an act authorizing appeals to courts where the owner feels aggrieved at the valuation placed upon his property by the assessor has not been questioned, viz.: *Farmers' L. & T. Co. v. Newton,* 97 Iowa, 502, 66 N. W. 784; *Royal Mfg. Co. v. Rahway,* 75 N. J. Law, 416, 67 Atl. 940; *Iron Companies v. Pace,* 89 Tenn. 707, 15 S. W. 1077; *Louisiana Brewing Co. v. Board of Appraisers,* 41 La. 565, 6 South. 823.

In the case of *Stanley v. Board of Supervisors,* 121 U. S.

535, 7 Sup. Ct. 1234, 30 L. Ed. 1000, Mr. Justice Field, in the opinion, states:

"In nearly all the states, probably in all of them, provision is made by law for the correction of errors and irregularities of assessors in the assessment of property for the purposes of taxation. This is generally through boards of revision or equalization, as they are often termed, with sometimes a right of appeal from their decision to the courts of law. They are established to carry into effect the general rule of equality and uniformity of taxation required by constitutional or statutory provisions. Absolute equality and uniformity are seldom, if ever, attainable. The diversity of human judgments, and the uncertainty attending all human evidence, preclude the possibility of this attainment. Intelligent men differ as to the value of even the most common objects before them—of animals, houses, and lands in constant use. The most that can be expected from wise legislation is an approximation to this desirable end; and the requirement of equality and uniformity found in the Constitutions of some states is complied with, when designed and manifest departures from the rule are avoided. To these boards of revision, by whatever name they may be called, the citizen must apply for relief against excessive and irregular taxation, where the assessing officers had jurisdiction to assess the property. Their action is judicial in its character. They pass judgment on the value of the property upon personal examination and evidence respecting it. Their action being judicial, their judgments in cases within their jurisdiction are not open to collateral attack. If not corrected by some of the modes pointed out by statute, they are conclusive, whatever errors may have been committed in the assessment."

The board of county commissioners are constituted *ex officio* the county board of equalization, of which board the county assessor is the secretary. In section 11, c. 152, Sess. Laws 1910-11 is found the powers and duties of such board; they not only equalize taxes over the county, but they have the power to raise, lower and adjust individual assessments and to fix the valuation of the property at its fair cash value, etc. Now, in order to find the fair cash value to be placed upon property for the purposes of taxation, this board may hear evidence both for and against the individual complaining; from this evidence

they ascertain the facts and apply thereto the law, decide the controversy and, in effect, render judgment; their action is final unless appealed from, and cannot be collaterally attacked; in so doing they have exercised judicial power, thereby performing a judicial act. In the performance of their duties they exercise both administrative and judicial functions. The county equalization board is a quasi judicial body, and by reason of the judicial character of a part of the duties to be performed by the county board of equalization, they are, no doubt, such a board as is contemplated by section 1, article 7 of the Constitution.

In Cooley on Taxation (3d Ed.) pages 1464-1466, in discussing the right of an action against an assessor for the wrong which may result in injury to the taxpayer by reason of the error or mistake in judgment of the assessor in assessing the property, it is said:

"It has long been considered of the very highest importance that when questions either of law or fact are referred to the judgment of an officer selected for the purpose of passing upon them, he should be guarded by such rules of protection that in acting he should be under no concern regarding personal consequences, so that the free exercise of an unbiased judgment may be expected from him. To insure to him the necessary feeling of security it is necessary that he be altogether exempt from responsibility to such interested parties as may be dissatisfied with his conclusions, and who might be inclined, if the law permitted it, to call him to personal account for his mistakes or faults of judgment, and endeavor to recover from him a compensation for any loss that they may have suffered as a result of his action. The policy and justice of this exemption are so plain and reasonable that the rule meets with universal assent and is applied in all cases where funtions of a judicial nature are exercised. * * * And this principle of protection is not limited in its application to the judges of courts, but extends to all officers who have duties to perform which in their very nature are judicial, and which are to be performed according to the dictates of their judgment. * * * If the duties of assessors are in their nature judicial, then this principle applies, and they are entitled to rely upon it for their protection. The proper

remedy for erroneous decisions on their part will then be seen to be not a suit at law to hold them to personal responsibility, but some other direct proceedings to correct the error and prevent the injurious consequences likely to flow from it. * * * That the duty of these officers calls into action the judicial function is unquestionable. * * * If, therefore, it shall be found that one of these officers has made an excessive assessment, he cannot be held personally responsible for the error, whether it results from an erroneous view of the facts or of the law."

For authorities holding that the members of a board of equalization or review, with power to change an individual assessment, act judicially, and therefore are not liable in a suit at law for illegal and corrupt conduct, see *People v. Goldtree*, 44 Cal. 323; *State v. Ormsby County*, 7 Nev. 392; *Steel v. Dunham*, 26 Wis. 393. See, also, *Boody v. Watson*, 64 N. H. 162, 9 Atl. 794.

As to the second contention there is no merit. Chapter 87, p. 173, Sess. Laws 1910, provided for appeals from county boards of equalization to the county court. In January, 1911, this court held, in the case of *Board of Commissioners v. Guarantee State Bank*, 27 Okla. 736, 117 Pac. 216, that an appeal would not lie in such a case from the county court to the Supreme Court, for the reason that section 17, art. 7, of the Constitution enumerates the character of cases in which appeals will lie from the county court to the Supreme Court; the action of the county court on an appeal from the board of equalization not being one of them. The Legislature, being then in session, enacted chapter 152, Sess. Laws 1910-11, and section 15 of said act provides for appeals from all county boards of equalization to the district or superior courts of the county in which the assessment is made, etc. This act deals with the same subject-matter as chapter 87, Sess. Laws 1910, *supra*, but instead of appeal being taken from the county board of equalization to the county court, it provides that such appeal may be taken to the district or superior court. The act of 1910-11 does not specifically repeal the act of 1910, and therefore the two acts

must be construed together in so far as they are not inconsistent, and the manner and method of taking the appeal is as provided by the act of 1910.

Since it is conceded that the judgment set aside by the trial court was correct if the law was constitutional and the statute valid, the cause is reversed and rendered.

All the Justices concur.