Board of Com'rs of Canadian County et al. v. Tinklepaugh et al.

# BOARD OF COM'RS OF CANADIAN COUNTY *et al.* v. TINKLEPAUGH *et al.*

No. 5942.   Opinion Filed March 16, 1915.

Rehearing Denied November 30, 1915.

(152 Pac. 1119.)

1.   **TAXATION—Assessment—Correction—Injunction—Grounds.** The action of the state board of equalization in equalizing, correcting, and adjusting the various county assessments by increasing or decreasing the value of any or all of the different classes of real and personal property, as the same are provided for by the revenue laws of the state, in order to make their valuation conform to the fair cash value thereof, is valid.

2.   **TAXATION—Assessments—Equalization—Correction and Abatement—Remedy.** Section 7370, Rev. Laws 1910 (chapter 87, sec. 3, p. 173, Sess. Laws 1910), provides a speedy and adequate remedy for inequality or injustice in assessments or equalizations; and is the sole method by which assessments or equalizations shall be corrected or taxes abated.

(Syllabus by the Court.)

Sharp, J., dissenting.

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by V. D. Tinklepaugh and others against the Board of County Commissioners of Canadian County and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with directions to dismiss.

*S. T. Roberson* and *R. B. Forrest,* for plaintiffs in error.

*Blake & Boys,* for defendants in error.

HARDY, J.   This action was instituted in the district court of Canadian county, to enjoin the collection

of certain taxes for the year 1911. The action of the State Board of Equalization in equalizing the property of Canadian county with other counties of the state is specially complained of. Certain irregularities in the form of the assessments and tax rolls are urged; and the authority of the township and city assessors to assess the property involved is challenged.

It appears from the record that the assessments for the city of El Reno were made by one J. T. Parsons, who assumed to act as deputy assessor for said city; and there is no evidence as to who assessed the property outside the city of El Reno. At the time of the assessment for the year 1911, said Parsons presented to the defendants in error lists upon which to render a statement of all their taxable property, which lists were duly filled out by the taxpayers so far as their personal property was concerned, and delivered to said Parsons; and as to their real estate, it appears that said Parsons stated to the defendants in error that it would not be necessary for them to fill out the description of the real estate, but that he would get it from the records and return same. The township board met at the time and place fixed by law, and equalized assessments, and various other steps were taken in reference to the assessment of the property and the levy of taxes, substantially in the manner prescribed by law. The petition specifically alleges that all of the complaining taxpayers own property within the tax district of which complaint is made. A demurrer to the petition was presented and overruled, and a trial to the court was had, and an injunction issued, restraining the collection of the taxes.

The plaintiffs in error allege as grounds for reversal that the court erred in overruling the demurrer to the

petition; that the court erred in rendering judgment for plaintiffs; and error in overruling the motion for a new trial. We think these assignments must be sustained. Section 7370, Rev. Laws 1910 (chapter 87, section 3, Sess. Laws 1910) provides:

"The proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

This section was the law at the time of the happening of the matters and things complained of, and provided a speedy and adequate remedy, by means of which defendants in error might have had relief from any inequality or injustice done them. This statute has been reviewed and upheld in a number of cases; and it has been decided that where the statute provides a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to. *Williams, Co. Clerk, v. Garfield Exchange Bank of Enid*, 38 Okla. 539, 134 Pac. 863; *Asher State Bank v. Board of County Commissioners of Pottawatomie County*, 31 Okla. 145, 120 Pac. 634; *Carrico et al. v. Crocker et al.*, 38 Okla. 440, 133 Pac. 181; *Hopper v. Oklahoma County*, 43 Okla. 288, 143 Pac. 4, L. R. A. 1915B, 875; *Thompson et al. v. Brady et al.*, 42 Okla. 807, 143 Pac. 6.

The validity of the action of the State Board of Equalization in the premises for the year in question has already been before this court, and we have determined that said board had the authority to equalize the various county assessments in the manner that it did. *In re Appeal of McNeal*, 35 Okla. 17, 128 Pac. 285.

The various objections to the form of the assessment lists and of the tax rolls, in our judgment, are without merit, and we pass them without any further consideration. Certainly they cannot be availed of in an injunction proceeding in the face of the statute above referred to.

It is urged with a great deal of vigor that the assessments in the city of El Reno were made by a person without authority. The lists of personal property were made out by the property owners and delivered to the said Parsons, to be returned and filed by him, and instead of making out the lists of real estate when forms for that purpose were presented to them, the taxpayers permitted the said Parsons to procure the description and value from the records of previous assessments, and permitted said lists and valuations so made to be returned and filed by him. There is no attempt to show that the valuation placed upon the real property by the said Parsons was unfair or unjust, and not uniform in value with other property of like character so assessed. Nor is any complaint made of the action of the township board of equalization. But the complaint appears to be based upon the proposition that Parsons was without authority to take the lists of personal property as he did, and make the assessments of real estate in the manner complained of. It is the duty of every taxpayer to return to the proper taxing officials a list of all his taxable property situated within the taxing district; and, when defendants in error dealt with the said Parsons in the manner in which they did, we think they cannot now, in this proceeding, base any valid complaint against his action in the premises. In *Carrico et al. v. Crocker et al.*, 38 Okla. 440, 133 Pac. 181, in discussing the method of assessing

and equalizing taxes by the township officers, this court, in an opinion by Mr. Justice Dunn, said:

"The system for assessment and levy of taxes in the state prior to the county assessors law in 1911, provided that, after the individual's property had been assessed by the township assessor, it should be equalized as between individuals by the township board. Every taxpayer had the most ample opportunity to be heard before this board. Its day of meeting was fixed by statute, and any inequality or injustice done any individual could there be remedied. Not only was there an opportunity for hearing for the said board afforded, but an appeal was provided to the board of county commissioners, and from thence to the county court. But it is not this assessment of which complaint is made, nor of the equalization made by the county board of equalization. Plaintiffs are apparently satisfied with both of these, but their complaint is that the equalization of the county as made by the state board assessed their property beyond its fair cash value, and hence that they were entitled to the remedy which they here seek. In this contention we are unable to agree. At the conclusion of the labors of the township board of equalization the presumption obtains that every taxpayer owning property in the township, and who did not appeal, was sat sfied with the action of such board. In contemplation of law he was before the board and acquiesced in his assessment. The same rule obtains in reference to the county board of equalization. In the absence of any protest or appeal, every township, at the conclusion of the labors of that board, was presumed, with all of its taxpayers, to be satisfied with its action and to consent that its conclusion was correct. So that when the property of the county was submitted for the action of the State Board of Equalization the presumption conclusively obtained that it had all been assessed on a uniform basis, and that, according to the judgment of the officials who were called upon to act, the assessment conformed to the fair cash value thereof. Upon this judgment it was the duty of the State Board of Equalization to act, and when it had acted,

in the absence of evidence of fraud or gross error in the
system on which the valuations were made, its judgment
was final, except by appeal, and plaintiffs could not, in
this manner, put against and nullify it, either the judg
ment of themselves, the county clerk, the board of county
commissioners, or of any court.  The hearing which they
seek is not provided for by statute, but is specifically
legislated against.  See chapter 87, p. 173, Sess. Laws
1910; also, 1 Cooley on Taxation, p. 786; *Foster v. Rowe,*
128 Wis. 326, 107 N. W. 635, 8 Ann. Cas. 599; *Taylor v.
Secor,* 92 U. S. 575, 23 L Ed. 663; *Gillett v. Lyon County,*
30 Kan. 166, 1 Pac. 577."

This conclusion of the court seems to us to be right
and to apply with peculiar force to the facts in this case.
The parties complaining had permitted the said Parsons,
who assumed to act as assessor, to procure from them
lists of their personal property, and to make in their
behalf assessments of their real estate, and return them
to the proper officers to be filed.  In the law they were
charged with notice of the time of the meeting of the
township board, and they were provided ample oppor-
tunity to be present before said board, and in contempla-
tion of law were present at the meeting of said board;
and, having prosecuted no appeal to the county commis-
sioners, the township in which they lived, and themselves
as taxpayers, are deemed to have been present and sat-
isfied with the action of the county board; and the State
Board of Equalization, upon the basis thus made, having
equalized the county assessments, and such equalization
having been returned to the county officials, and the
various levies made, we think here is presented a case
that clearly falls within the terms of the statute deny-
ing equitable relief.  It was their duty as good citizens,
in the first instance, to properly list their property, and
present any objections or complaints they might have

had at the earliest opportunity, so that the same might be adjusted, and thereby prevent the disarrangement and confusion that would be a necessary incident to the proceedings resorted to in this case.

Nor does the fact that a taxpayer has executed a mortgage upon his real estate relieve him from liability to pay taxes thereon so long as he remains in possession; for he is considered in law as the owner of the land. 27 Cyc. 1253.

We think the demurrer to the petition should have been sustained, and that the court erred in rendering judgment for defendants in error.

The judgment is therefore reversed, and the cause remanded to the district court of Canadian county, with instructions to sustain the demurrer and dismiss the bill for want of equity.

KANE, C. J., and TURNER, J., concur. BROWN, J., absent. SHARP, J., dissents.