## McCLELLAN v. FICKLEN.

No. 6419.   Opinion Filed January 18, 1916.

(154 Pac. 660.)

TAXATION—Equalization—Remedies—Appeal—Injunction.   The same as in **Thompson et al. v. Brady et al.**, 42 Okla. 807, 143 Pac. 6. (Syllabus by Hooker, C.)

*Error from District Court, Craig County;*
*Preston S. Davis, Judge.*

Injunction by Charles E. McClellan against E. D. Ficklen. Judgment for defendant, and plaintiff brings error. Affirmed.

*Riddle, Bennett & Mitchell,* for plaintiff in error.

*Willard H. Voyles,* for defendant in error.

Opinion by HOOKER, C.   The plaintiff in error alleges in his petition that he was the owner of the real estate involved herein at the time of its assessment in the year of 1911; that it was properly assessed for said year, and its value equalized by the proper boards during said year, and that when the value of the real estate in Craig county was certified by the proper authority to the State Board of Equalization his property appeared thereon assessed as its fair cash value; that thereafter the State Board of Equalization, when equalizing the value of the real estate of the various counties of the state, ordered a raise in the valuation of the real estate in the city of Vinita in Craig county, where the property of the plaintiff in error was located, of 50 per cent., and that thereafter the county clerk of said county, acting under the authority of this order of the State Board of Equaliza-

tion, increased the assessed value of his property accordingly. The plaintiff in error attempted to enjoin the collection of this tax for the aforesaid reason, alleging that the same was illegal, and unjust and exceeded the fair cash value of the property, and was therefore contrary to the Constitution of the state, and he offered to pay the tax due upon said property based upon the assessment as the same existed before the order of the State Board of Equalization was made. A demurrer was sustained to the petition of the plaintiff in error in the lower court, and, declining to plead further, he appealed to this court.

His contentions are no longer open questions in this state, for this court in a number of cases has uniformly held adversely to him, thereby sustaining fully the authority of the State Board of Equalization to make the raise, and the duty of the county clerk to place the same upon the tax rolls, and denying any right to an injunction to any party having property within the taxing district.

Upon the authority of *Carrico et al. v. Crocker et al.*, 38 Okla. 440, 133 Pac. 181, and the cases therein cited, and also of *Thompson et al. v. Brady et al.*, 42 Okla. 807, 143 Pac. 6, *Rumph, Treas., v. Joines*, 38 Okla. 30, 131 Pac. 1095, and the cases therein cited, we recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.