## HUCKINS HOTEL CO. v. BOARD OF COM'RS OF OKLAHOMA COUNTY et al.

No. 4953—Opinion Filed May 9, 1916.

Rehearing Denied Aug. 14, 1917.

(Syllabus by the Court.)

**1. Taxation — Remedies — Exclusive Remedies.**

Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to.

**2. Same.**

Section 7368, Rec. Laws 1910, provided a speedy and adequate remedy for inequality or injustice in assessments or equalizations, and is the sole method by which assessments or equalizations may be corrected or taxes abated.

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by the Huckins Hotel Company against the Board of County Commissioners of Oklahoma County and others. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Burwell, Crockett & Johnson, for plaintiff in error.

John Embry, Co. Atty., and Sam Hooker, Asst. Co. Atty., for defendants in error.

HARDY, J. The Huckins Hotel Company, as plaintiff, commenced this action in the district court of Oklahoma county to enjoin the collection of certain taxes assessed against its property during the year 1911. Demurrer was sustained to its petition, and plaintiff brings the case here. The issues are very succinctly stated in plaintiff's reply brief as follows:

"In this case the property of the plaintiff in error was duly returned, and its property, together with all of the other property of the county, was duly assessed and equalized by the proper county officials, and the plaintiff in error had no complaint as to the amount of its assessment. Later the State Board of Equalization raised the assessed valuation of Oklahoma county, with the result that this raise by the state board, when extended on the rolls of the county, increased the assessed valuation of the property of the plaintiff in error from $117,900 to $196,500 on its personal property, and from $327,000 to $669,000 on its real estate"

The position of plaintiff is that the court in this proceeding had jurisdiction to enjoin the collection of said taxes upon the assessed valuation of plaintiff's property, which assessed valuation is alleged to be in excess of the fair cash value thereof, and it is said the action of the taxing officials in the assessment and valuation of plaintiff's property was legislative in its character, and the attempt to restrict plaintiff to the remedies prescribed by statute was in violation of the Constitution of this state and of the Constitution of the United States.

It is no longer an open question in this state as to the character of the duties performed by the various officials in the assessment and valuation of property. In Hopper et al. v. Oklahoma County, 43 Okla. 288, 143 Pac. 4, L. R. A. 1915B, 875, in discussing the jurisdiction of the board of county commissioners as ex officio county board of equalization, the court says:

"Now, in order to find the fair cash value to be placed upon property for the purposes of taxation, this board may hear evidence both for and against the individual complaining; from this evidence they ascertain the facts, and apply thereto the law, decide the controversy, and, in effect, render judgment; their action is final, unless appealed from, and cannot be collaterally attacked; in so doing they have exercised judicial power, thereby performing a judicial act. In the performance of their duties they exercise both administrative and judicial functions. The county equalization board is a quasi judicial body, and by reason of the judicial character of a part of the duties to be performed by the county board of equalization they are, no doubt, such a board as is contemplated by section 1, article 7, of the Constitution."

The law in force at the time the taxes in question were assessed and levied authorized plaintiff, after his property had been assessed, to appear before the township board, where it had the most ample opportunity to be heard with reference to equalizing its assessment with other individual assessments in the township, and from the decision of the said township board an appeal was provided to the board of county commissioners, and from thence to the county court. The duties performed by the township board and by the board of county commissioners were of a like nature to those performed by the board of county commissioners as ex officio county board of equalization under chapter 152, Sess. Laws 1910-11. The township board had authority to hear evidence, to ascertain the facts, and apply the law thereto, and render such judgment as in their opinion was right in the premises, and in the performance of these duties that board exercised both administrative and judicial functions. For other authorities holding that the duty performed in the assessment and valuation of property is quasi judicial in its nature, see In re Assessment of Western Union Tel. Co., 35 Okla. 626, 130 Pac. 565; Stanley v. Board of Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Cooley, Tax. (3d Ed.) pp. 1464-66.

Ample provision having been made by which any complaint as to the assessment or valuation of its property might be presented to the township board of equalization, and appeal being allowed therefrom, the remedies thus provided are exclusive, and equitable remedies cannot be resorted to. Carrico et al. v. Crocker et al., 38 Okla. 440, 133 Pac. 181; Board of Com'rs v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119. The constitutionality of the legislation in question is sustained by the following decisions: Hopper v. Oklahoma County, 43 Okla. 288, 143 Pac. 4, L. R. A. 1915B, 875; Thompson et al. v.

Brady et al., 42 Okla. 807, 143 Pac. 6; Mc-Clellan v. Ficklen, 54 Okla. 745, 154 Pac. 660. Neither does such legislation violate the Constitution of the United States, nor deprive the plaintiff of any of its rights guaranteed by that instrument. Mellon Co. v. McCafferty, 239 U. S. 134, 36 Sup. Ct. 94, 60 L. Ed. 181; Stanley v. Board of Supervisors, supra.

But it is not of the action of the assessor or of the township board in equalizing the property of plaintiff with other property of like character in the township, or of the county board of equalization in equalizing the various townships of the county, that complaint is made. The sole question presented is that the action of the State Board of Equalization in directing the assessed valuation of the kind and class to which plaintiff's property belonged should be increased in Oklahoma county had the effect of placing a valuation upon plaintiff's property in excess of its fair cash value. By section 7368, Rev. Laws 1910, appeals might be taken to the Supreme Court from the action of the State Board of Equalization within 60 days after the adjournment of such board, and said section provides that no matter shall be reviewed on appeal which was not presented to the board appealed from; and section 7370 provides:

"The proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

Construing these statutes, it has been held in a long line of cases that the action of the state board in adjusting assessments and valuations between counties or classes of property in the state cannot be attacked by injunction proceedings, but the aggrieved party must avail himself of the remedy provided in these statutes by appeal from the action of the state board to the Supreme Court, in which court the matter shall be heard de novo and evidence introduced upon the matters involved. Carrico et al. v. Crocker et al., 38 Okla. 440, 138 Pac. 181; Board of Com'rs v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119. It is said, however, that in none of the cases decided heretofore has the precise question here urged been determined; that is, the right of an individual taxpayer to complain of any excessive valuation placed upon his property by reason of the action of the state board. In the following cases taxpayers have sought to enjoin a raise ordered by the state board upon their individual property, upon the theory that the action of the board was illegal, and an injunction was de-

nied, because it was held that complainant had an adequate remedy by appeal from the action of the state board to the Supreme Court: Thompson v. Brady, 42 Okla. 807, 143 Pac. 6; McClellan v. Ficklen, 54 Okla. 745, 154 Pac. 660; London v. Day, 38 Okla. 428, 133 Pac. 181.

The question which counsel urges in this case is no different from that determined in the other cases. The valuation of plaintiff's property, as compared with the property of other individual taxpayers of the same class, was determined by the township board, and from any inequalities occurring in the proceedings of that board ample remedy was provided by appeal to the county board of equalization and from thence to the county court. In Carrico et al. v. Crocker et al., 38 Okla. 440, 133 Pac. 181, it was said:

"The system for assessment and levy of taxes in the state, prior to the county assessor's law in 1911, provided that, after the individual's property had been assessed by the township assessor, it should be equalized as between individuals by the township board. Every taxpayer had the most ample opportunity to be heard before this board. Its day of meeting was fixed by statute, and any inequality or injustice done any individual could there be remedied. Not only was there an opportunity for a hearing before the said board afforded, but an appeal was provided to the board of county commissioners, and from thence to the county court. But it is not this assessment of which complaint is made, nor of the equalization made by the county board of equalization. Plaintiff's are apparently satisfied with both of these, but their complaint is that the equalization of the county as made by the state board assessed their property beyond its fair cash value, and hence that they were entitled to the remedy which they here seek. In this contention we are unable to agree. At the conclusion of the labors of the township board of equalization the presumption obtains that every taxpayer owning property in the township and who did not appeal was satisfied with the action of such board. In contemplation of law he was before the board and acquiesced in his assessment. The same rule obtains in reference to the county board of equalization. In the absence of any protest or appeal, every township, at the conclusion of the labors of that board, was presumed, with all of its taxpayers, to be satisfied with its action, and to consent that its conclusion was correct. So that, when the property of the county was submitted for the action of the State Board of Equalization, the presumption conclusively obtained that it had all been assessed on a uniform basis, and that, according to the judgment of the officials who were called upon to act, the assessment conformed to the fair cash value thereof. Upon this judgment it was the duty of the State Board of Equalization to act, and when it had acted, in the ab-

sence of evidence of fraud or gross error in the system on which the valuations were made, its judgment was final, except by appeal, and plaintiffs could not in this manner put against, and nullify it, either the judgment of themselves, the county clerk, the board of county commissioners, or of any court. The hearing which they seek is not provided for by statute, but is specifically legislated against."

See chapter 87, p. 173, Sess. Laws 1910; Cooley on Taxation, p. 786; Foster v. Rowe, 128 Wis. 326, 107 N. W. 635, 8 Ann. Cas. 599; Taylor v. Secor, 92 U. S. 575, 23 L. Ed. 672; Gillert v. Lyon County, 30 Kan. 166, 1 Pac. 577.

From the foregoing quotation it appears that in contemplation of law, when the township board had acted and the county board of equalization had discharged its duty, in the absence of an appeal therefrom, the presumption conclusively obtains that all the property in the township and in the county had been assessed on a uniform basis according to the fair cash value thereof, and that as between the property of plaintiff and the property of other taxpayers of like character in the township and in the county no inequality had been shown. So, when the action of the county board was certified to the State Board of Equalization, it had before it for its action an assessment of plaintiff's property and of all other property of the same class assessed upon a uniform basis, and the state board, in directing that property of that class should be raised a certain per cent., by its order affected all property of that class and character situated in the county, and said order of the state board created no inequality as between plaintiff and other individual taxpayers owning property in the county of the class affected, and plaintiff alone, or any number of property owners, had the right of an appeal from the action of the state board to the Supreme Court, where the matter could be heard anew, and evidence introduced, and the fact determined whether property of that class had been assessed in excess of its fair cash value, as is claimed here, and upon that fact being ascertained by the Supreme Court, the rights of plaintiff and other taxpayers similarly situated might have been protected by a suitable judgment rendered on appeal. Having failed to avail itself of this remedy pointed out by statute, which is plain, ample, and speedy, it is denied the right to invoke the aid of a court of equity to enjoin the levy and collection of such tax, for in contemplation of law the presumption conclusively obtains that the action of the state board, in the absence of fraud or gross error in the system on which valuations were made, is right, and plaintiff cannot nullify it by the judgment of any court.

The judgment sustaining the demurrer to plaintiff's petition is affirmed.

All the Justices concur, except THACKER, J., absent.