**PRYOR v. McCAFFERTY, County Treasurer, et al.**

**ANDREWS v. McCAFFERTY, County Treasurer.**

Nos. 4951, 4952—Opinion Filed June 20, 1916.

Rehearing Denied Feb. 5, 1918.

(170 Pac. 493.)

**1. Taxation— Equalization—Appeal—Statute.**

The proceedings before the county and state boards of equalization and appeals therefrom in the manner provided for by law shall be the sole method by which assessments or equalizations shall be corrected or taxes abated, except under the first portion of section 14, c. 152, Sess. Laws Okla. 1910-11.

**2. Same.**

Whenever the statutes of the state provide a mode by which appeals may be taken from the assessment or equalization of property that remedy is exclusive, and equitable remedies cannot be resorted to.

**3. Same.**

Section 7368, Rev. Laws 1910, provided a speedy and adequate remedy for inequality or injustice in assessments or equalizations, and is the sole method by which assessments or equalizations may be corrected or taxes abated.

**4. Same—Appeals from State Equalization Board.**

A taxpayer aggrieved at the action of the state board of equalization in changing the aggregate valuation on any class of property from that as certified from the county board of equalization must come into this court by appeal, as provided in sections 7368, 7369, and 7370, Rev. Laws 1910, in every case except "where the aggrieved party has no taxable property within the tax district of which complaint is made."

**5. Same—Injunction.**

In such case the remedy by appeal provided by statute is exclusive, and the aggrieved party by the terms of the statute is denied the right to go into the district court and secure an injunction against the county officers to restrain them from collecting the taxes based upon the increased valuation as fixed by the state board of equalization.

(Syllabus by Davis, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by D. C. Pryor against Charles McCafferty, County Treasurer, and the Board of County Commissioners, consolidated with action by C. D. Andrews against Charles McCafferty, County Treasurer. Judgments for defendants, and plaintiffs bring error. Judgments affirmed, with directions.

S. A. Horton, for plaintiffs in error.

John Embry, Co. Atty., and Sam Hooker, Asst. Co. Atty., for defendants in error.

Opinion by DAVIS, C. This action has been consolidated with cause No. 4952, C. D. Andrews against Charles McCafferty, and the opinion herein will be the opinion also in cause No. 4952, supra.

In this cause, No. 4951, the property of the plaintiff in error designated in the petition in this cause, consisting of about 50 acres of land, more accurately described in the petition herein, within the corporate limits of Oklahoma City, but which had not been subdivided into blocks and lots, etc., was assessed for taxation for the year 1911 by the assessor at $45,000, and no effort was made by the plaintiff in error before the equalization board to have the assessment reduced, and when property of the county was certified by the county board to the state equalization board, for the purposes of equalizing the valuations and as-

sessments of the various counties of the state, the state board of equalization ordered a raise of the property in Oklahoma county, which, in effect, doubled the assessment of the plaintiff in error from $45,000 to $90,000.

No appeal was taken by the plaintiff in error from the order of the state equalization board doubling the assessed valuation of the real estate in Oklahoma county, but, in lieu thereof, the plaintiff in error filed this suit in the district court, and in his petition, which was filed in this action on the 4th day of May, 1912, he seeks to restrain the collection of the 1911 taxes for the following reasons, to wit: First, that the property involved was not subject to city taxation, for that it contains more than 50 acres of land within the corporate limits of the city in one body, and had not been subdivided into blocks, lots, etc.; second, that the raise of the state equalization board of the real estate in Oklahoma county, which, in effect, doubled the assessed valuation of the property of the plaintiff in error, was without authority of law and in violation of law.

It will be noticed in his petition that the plaintiff in error admits a liability of $200 for taxes, because of a calculation peculiar unto himself, and he offers and agrees to pay said amount of taxes. That thereafter, on the 4th day of March, 1913, he filed a supplement to his petition wherein he alleges that said property was not assessed by any competent authority, and that he was never called upon to fix a valuation upon his property, and inasmuch as he had never been called upon to fix a valuation himself that the assessor was without authority to place one thereon.

To the plaintiff's petition as amended the following demurrer was interposed by the defendants:

"Come now the defendants and demur to the petition of the plaintiffs herein, and for grounds of objections state: That the same is insufficient in law, for the reason that it does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants.

"C. W. Stringer, Atty. for Deft."

This demurrer was heard and sustained by the court, the plaintiff duly accepted, and the plaintiff elected to stand on his petition as amended, and declining to plead further the court denied the temporary injunction and dismissed the action at plaintiff's costs, the journal entry and judgment concluding as follows:

"Restraining order held in full force and effect for the period of twenty-five days from this date and until final determination of the cause in the Supreme Court, condition, however, that within the twenty-five days that the plaintiff enter into a good and sufficient bond in the sum of $500.00, as is provided by law in such cases as made and provided; that upon the filing of petition in error in the Supreme Court in twenty-five days and that the giving of bond in said time, the said temporary restraining order heretofore granted in said cause is continued in full force and effect until final determination of this cause in the Supreme Court."

In cause No. 4952 the petition of plaintiff and the supplement to the petition, omitting captions, read as follows:

"Petition.

"Comes now the plaintiff in the above numbered and titled cause and alleges and avers and shows to the court: That he has a legal title to the following described property, which said property is located in Oklahoma county, in the state of Oklahoma, to wit: Blocks 1, 2, 3, 4, 5, 6, 7, 8, of Morris Lawn addition, except all of lots 25, 26, 27, 28 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 45, 46, 47, and 48 in block 5, and lots 1, 2, 7, 8, 23, and 24 in block 8, being a subdivision of the northeast quarter of the southeast quarter of section 8, township 11 north, range 3 west of I. M., and that it was regularly assessed for the year 1911 at the sum of $20,640, which said assessment included other property as before set out, and that said property was worth in cash during the year 1911, and is worth now, $20,640, and that said property, with the property before described as lots taken out, was only worth at all times and dates during the year 1910 and 1911, not to exceed the sum of $20,640, and that said board of appraises which calls themselves the state equalization board, raised this assessment of $20,640 to $41,280. That said property has never been and was not legally assessed by any competent assessor, or one authorized by law to assess property for the year 1911, but that it was purported to be assessed by one Ezra Offut, who was not authorized to make assessment on this property or returns on same for assessment, but that the said Ezra Offut did assess said property for one-half the amount the books now show it to be assessed, which said assessment or return made by the said Ezra Offut was excessive and in excess of its cash value. That same was not listed by plaintiff as shown by supplemental petition; that the said state board was without authority of law to double the assessment or thribble it, and that they did not equalize or attempt to equalize said assessment, but arbitrarily and without authority of law, raised said property far in excess of its actual value.

That the said Charles McCafferty, as county treasurer, will seek to collect taxes upon the valuation of $41,280 on said property, and will place it as a lien thereon if not restrained from so doing. That this plaintiff has tendered to the said Chas. McCafferty all the tax that is legally due, the amount due on a valuation of $20,640, and $10,500, as he verily believes, and if said tender was not sufficient, this plaintiff now offers to pay whatever taxes the court may determine to be right and proper in the assessment, whereby the plaintiff prays that the said Charles McCafferty be enjoined from proceeding toward the collection of this tax, or from attaching the penalty thereto, and for such other relief as he may be entitled.

"Supplement to the Petition.

"Comes now the plaintiff in the above numbered and entitled cause reaffirming all of the allegations in the original petition on file, alleges and avers that same are true; alleges that certain property described in plaintiff's petition was not assessed by any competent authority: that said property was not listed by this plaintiff; that the said purported assessor never called on this plaintiff to render said property, and that this plaintiff never refused to list said property for taxation and was never given an opportunity to refuse; that this plaintiff did not know that his property had been assessed at an excessive valuation until he was called upon to pay the taxes, and that this plaintiff had no way of knowing of said excessive valuation prior to the time that said defendant sought to collect the taxes; that the said commissioners or other persons were without authority to assess this plaintiff's property or place a value thereon in the absence of the plaintiff failing to do so, then in that event and the only time and place when the valuation of this plaintiff should be raised and should be raised under the law, would be by the said assessor to furnish this plaintiff a list showing that he had raised said assessment; that this plaintiff will then know the valuation placed upon the property and would then have had an opportunity to have protested before the county board; that no sworn return was made by the purported assessor, as provided by section 7568; that this plaintiff, if he had had an opportunity to list said property. would have listed it at $10,500, which was a reasonable cash value for said property and was as much as said property would have sold for at fair market value; that plaintiff was a resident of Oklahoma county, and was not absent during the year of 1911.

"Wherefore this plaintiff prays as in his original petition and here reaffirms and tenders the amount reasonably and properly due if said property had been assessed."

To the petition as amended the defendant interposed the following demurrer:

"Come now the defendants and demur to the petition of the plaintiffs herein, and for grounds of objection state: That the same is insufficient in law, for the reason that it does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants."

This demurrer was duly presented, heard, and sustained by the trial court, the plaintiff duly excepting, and upon the plaintiff's refusal to plead further and election to stand on his petition as amended, the court denied the temporary injunction and dismissed the cause at plaintiff's costs, the journal entry of judgment concluding as follows:

"Restraining order held in full force and effect for the period of twenty-five days from this date and until final determination of the cause in the Supreme Court, condition, however, that within the twenty-five days that the plaintiff enter into a good and sufficient bond in the sum of $500.00. Condition as provided by law in such cases as made and provided; that upon the filing of petition in error in the Supreme Court in twenty-five days and the giving of bond in said time, the said temporary restraining order heretofore granted in said cause is continued in full force and effect until final determination of this cause in the Supreme Court."

In No. 4951 the petition was filed on May 4, 1912, and in No. 4952, the petition was filed on April 30, 1912.

Section 7370, Rev. Laws of Oklahoma 1910, reads as follows:

"7370. The proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

This section of our statute was passed by the Legislature of our state in 1910, and became effective on June 17, 1910, and hence was the law prior to the institution of these consolidated actions, at the time they were instituted, and now.

The questions raised in these causes are settled by the opinion in Carroll, Brough & Robinson v. Board of County Commissioners of Oklahoma County, 64 Okla. 165, 166 Pac. 702, wherein the authorities are collated and cited. A further discussion here could serve no useful purpose or be of any avail. Huckins Hotel Co. v. Board of County Commissioners of Oklahoma County, 64 Okla. 235, 166 Pac. 1043.

For the reasons stated here, and upon the authority of case No. 6130, supra, the action of the trial court in this cause and in cause No. 4952 was proper and without error, and its judgments are affirmed, with direction to vacate the temporary restraining orders in each case.

By the Court: It is so ordered.