In re ASSESSMENT OF MUSKOGEE GAS & ELECTRIC CO.

MUSKOGEE COUNTY et al. v. MUSKOGEE GAS & ELECTRIC CO.

No. 11335—Opinion Filed Oct. 11, 1921.

(Syllabus.)

1. **Appeal and Error—Right of Appeal—Jurisdiction.**

The right of appeal exists only where expressly given by constitutional provision or legislative enactment, and the right cannot be extended to cases which do not come within the Constitution or statute.

2. **Same — Parties Entitled to Appeal—Interest in Subject-Matter.**

The interest in the subject-matter of litigation which will authorize an appeal from an order or decree therein must be a direct and pecuniary interest in the subject-matter of the particular case.

3. **Same—Right of Tax Ferret to Appeal from State Board of Equalization.**

A person employed by the board of county commissioners of a county to discover property not listed and assessed for taxation has not such an interest in the subject-matter as to authorize him to prosecute an appeal from an order of the State Board of Equalization dismissing his petition seeking an increase of the assessed valuation of the property of a public service corporation, and praying the assessment of certain alleged

omitted property of such corporation; neither is such person authorized to prosecute such appeal as a citizen and taxpayer.

**4. Same—Right of County Attorney to Appeal.**

A county attorney is not authorized to prosecute an appeal from an order of the State Board of Equalization dismissing his petition seeking an increase in the assessed valuation of a public service corporation, and praying assessment of certain property of such corporation alleged to have been omitted from taxation.

Appeal from State Board of Equalization.

Petition by W. M. Gulager and others before the State Board of Equalization, against the Muskogee Gas & Electric Company, seeking an increase in the assessed valuation of the property of said company. Petition dismissed, and petitioners appeal. Appeal dismissed.

Ross & Thurman, for appellants.

Rainey & Flynn, for appellee.

NICHOLSON, J. On the 27th day of September, 1919, appellants filed with the State Board of Equalization their petition alleging that the appellee had property in the following years and amounts, not listed for taxation and omitted from the tax rolls of Muskogee county for said years:

"For 1912; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $105,000.00
For 1913; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $225,000.00
For 1914; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $217,000.00
For 1915; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $231.000.00
For 1916; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $254,000.00
For 1917; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $254,000.00
For 1918; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $271,000.00
For 1919; Bills receivable, cash, stock, bonds, securities, notes, mortgages, choses in action, $338,067.15"

—and praying said board to assess said omitted property; on October 16, 1919, citation was issued and served on appellee; on November 10, 1919, a hearing was had at which evidence was offered in support of said petition, such evidence consisting of the annual balance sheets of appellee, its annual returns for the years mentioned, and the minutes of the board for such years. The hearing was then continued until December 10 1919. Thereafter, the further hearing on said petition was continued from time to time until March 16, 1920, on which date the Board of Equalization granted the appellants leave to file an amended petition more particularly specifying the items of property of appellee omitted from taxation, as shown by the evidence introduced. In said amended petition, it is alleged:

"That the respondent, Muskogee Gas & Electric Company for the tax years of 1912 to 1919, inclusive, made and filed with said State Board of Equalization or the State Auditor what purports to be returns of all of its taxable property for the said years, respectively; that the said respondent consistently failed and refused to make said returns upon the blanks which were prescribed by the State Board of Equalization and furnished to all public service corporations by the State Auditor, which blanks contain spaces for such corporation to make return of all of their assets, including stocks. bonds, securities, working assets, cash, accounts receivable, bills receivable and materials and supplies, as well as their physical property, but that the said respondent used in lieu thereof, and made its various tax returns upon forms prepared by it, which forms did not provide for the listing of stocks, bonds, securities, working assets, cash, accounts receivable, or material and supplies.

"That the said tax auditor of Muskogee county, in the performance of his duties under his contract with the board of county commissioners, by investigation learned that the said respondent, for the tax years 1912 to 1919. inclusive, wholly failed to report the above mentioned items of property which it had during the said tax years, and that large amounts of property belonging to said respondent were therefore omitted in determining the assessed valuation of the property of the said company and therefore escaped taxation entirely for said tax years."

It is further alleged that appellee had assets and property (specifically set out in said amended petition) which were omitted from assessment and taxation, as follows:

"For the tax year 1912, and on February 1, 1912, property of the total value of__$639,542.28
For the tax year 1913, and on February 1, 1913, property of the total value of__ 444,978.86
For the tax year 1914, and on February 1, 1914, property of the total value of__ 383,711.16
For the tax year 1915, and on February 1, 1915, property of the total value of__ 355,647.05
For the tax year 1916, and on February 1, 1916, property of the total value of__ 441,020.44
For the tax year 1917, and on February 1, 1917, property of the total value of__ 421,977.61
For the tax year 1918 and on February, 1, 1918, property of the total value of__ 470,037.75
For the tax year 1919, and on February 1, 1919, property of the total value of__ 409,798.45

Total __$3,566,713.60"

It is further alleged that the appellee is a public service corporation, and under the law it is the duty of the State Board of Equalization to cause the assessed valuation of omitted property and assets of the appellee to be certified to Muskogee county.

to be entered upon the assessment rolls and tax rolls for the several years in which said property and assets were omitted from assessment and taxation, that the same may be extended on the tax rolls for the current year for all arrearages of taxes properly accruing against said property and assets, including interest thereon at the rate of 6 per cent. per annum from the time the taxes should have become delinquent, and praying that the board determine the value of such omitted property for each of said tax years. and cause the assessed valuation thereof to be certified to the proper official of Muskogee county for taxation as required by law.

On the same day, the State Board of Equalization made and entered its order dismissing the petition and amended petition, to which the appellants excepted and prayed an appeal to this court, which was granted. Appeal was duly lodged in this court, and the appellants insist that the State Board of Equalization erred as a matter of law in dismissing the amended petition.

At the threshold of this case, we are confronted with the question of whether or not this court has jurisdiction of this proceeding. It is alleged in the petition that the appellant W. M. Gulager is the regularly employed representative of Muskogee county, under contract with the board of county commissioners of said county, as provided for by section 7449, Rev. Laws 1910, and he attempts to appeal in such capacity, and as a citizen and taxpayer of said county, and joins in said appeal the county attorney of said county.

It is the general rule that the right of appeal exists only where expressly given by constitutional provision or legislative enactment, and the right cannot be extended to cases which do not come within the Constitution or statute. Cleal et al. v. Higginbothem et al., 49 Okla. 362, 153 Pac. 64; Lowe et al. v. Consolidated School Dist., 79 Okla. 115, 191 Pac. 737; Brown v. Holloway's Estate, 47 Colo. 461, 108 Pac. 25; Ex parte Sharp, 15 Idaho, 120, 96 Pac. 563, 10 L. R. A. (N. S.) 886; State v. District Court, 38 Mont. 119, 99 Pac. 139; Garcia v. Free, 31 Utah, 389, 88 Pac. 30; State v. Chittenden. 127 Wis. 468, 107 N. W. 500; Sullivan v. Haug, 82 Mich. 548, 46 N. W. 793, 10 L. R. A. 263; 2 R. C. L. 27; 3 C. J. 297; 37 Cyc. 1113; Cooley on Taxation, vol. 2, page 1393.

In Board of Commissioners of Kingfisher County v. Guaranty State Bank, 27 Okla. 736. 117 Pac. 216, this court says:

"Appeals from orders of boards of equalization are entirely of statutory origin, and,

when not authorized by some statutory or constitutional provision, the right thereto does not exist."

Therefore, it is necessary to determine whether there is any constitutional provision or legislative enactment authorizing an appeal from the action of the State Board of Equalization in dismissing the petition of appellants.

Section 21, art. 10, of the Constitution creates the State Board of Equalization, and defines its duties, among which is to assess all railroads and corporation property; but this section contains no reference to an appeal.

Section 7449, Rev. Laws 1910, under the provisions of which the appellant Gulager was employed, provides, in substance, that the board of county commissioners of any county in this state may contract with any person or persons to assist the proper officials of the county in the discovery of property not listed and assessed. Before listing and assessing property discovered, the county treasurer is required to give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered mail, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court from the action of the county treasurer in listing and assessing said property within ten days, by giving notice of such appeal in writing, and filing an appeal bond as in cases appealed from the board of county commissioners to the county court, and by said section, as amended by the act of the Legislature of 1915, Session Laws 1915, page 316, appeals may be taken from the final judgment of the county court to the Supreme Court. This section relates solely to the listing and assessing of omitted property by the taxing authorities of the county, and contains no provision for listing and assessing of alleged omitted property of public service corporations whose property is assessed by the State Board of Equalization.

By the provisions of section 7368, Rev. Laws 1910, appeals may be taken from the action of the county boards of equalization to the county court wherein the assessment was made, and by section 15, ch. 152, Session Laws 1910-1911, it is provided that appeals may be taken from all county boards of equalization to the district or superior court of the county wherein the assessment is made, and to the Supreme Court if from the state board, and appeals may be taken from the district and superior courts to the Supreme Court as provided by the Code of

Civil Procedure. These sections of the statute relate to appeals from actions of the county board of equalization in increasing the assessment of any person, and to the action of the State Board of Equalization in increasing the assessment of any public service corporation or in equalizing the assessment, and do not relate to omitted property placed on the tax rolls pursuant to section 7449, supra, which provides for an appeal to the county court from the action of the county treasurer in placing such property on the tax rolls.

Section 7309, Rev. Laws 1910, as amended by chapter 177 of Session Laws 1915, under which appellant brought this proceeding to place the omitted property of the appellee on the tax rolls, reads as follows:

"If any real or personal property be omitted in the assessment of any year or years, and the property thereby escape just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the State Board of Equalization whose duty it is to assess the class of property which has been omitted, shall at any time, cause such property to be entered on the assessment rolls and tax books for the year or years omitted, and shall, after reasonable notice to the parties affected, in order that they may be heard, assess such omitted property and cause to be extended against the same on the tax list for the current year all arrearage of taxes properly accruing against it, including therein interest thereon at the rate of six per cent. per annum, from the time such tax should have become delinquent. If any tax on any property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceedings, or failure to give notice, or otherwise, the amount of such tax which such property should have paid or should have been paid thereon shall be added to the tax on such property for the current year, and if for want of sufficient time or for any other cause such assessment cannot be entered on the tax books, and the tax thereon extended on the tax lists for the current year, the same shall be done the following year; provided, however, that whenever any real or personal property, on account of same being grossly undervalued on account of false representations or concealments made by the owner or owners, or their agents in rendering the same for assessment, and in the assessment made in any year or years, the property thereby escapes just and proper taxation, at any time within three years thereafter the county assessor or the State Board of Equalization, whose duty it is to assess the class of property which has been so undervalued, shall, within three years from the date of such undervaluation, cause such property to be entered on the assessment rolls and tax books for the year or years so undervalued, and shall, after reasonable notice to the party affected in order that he may be heard, re-assess such undervalued property and cause same to be extended against said property on the tax lists or rolls for the current year with all arrearage of taxes thus properly accruing against it, including interest thereon at the rate of six per cent. per annum from the time such tax should have become delinquent; and provided, further, that as to such property so grossly undervalued in assessment, no contract shall be made with any one by either the State Board of Equalization, or the board of county commissioners, to pay any one a commission for in any way causing same to be re-assessed; but it shall be the duty of the State Board of Equalization with the assistance of the Attorney General, and the county assessor, with the assistance of the county attorney, to make and cause such re-assessment to be made, as aforesaid; however, this shall not be construed to prevent boards of county commissioners from making contracts for the discovery of omitted property, as provided by section 7449 of the Revised Laws of Oklahoma, 1910."

No appeal is provided for this section of the statute. By section 32 of subdivision B, chapter 107, Session Laws 1915, it is provided that any taxpayer feeling aggrieved by the assessment as made by the assessor, or the equalization as made by the county board of equalization, may appeal to the district court of the proper county, in the manner provided by said act; and by section 3 of said subdivision of said act, it is provided:

"A complaint in like manner may be filed before the State Board of Equalization by the aggrieved person, as to any acts of assessment, or the county attorney for the entire tax-paying public of the county as to the equalization during its session or within ten days after its adjournment, which the board shall consider by hearing pertinent evidence adduced through or by any interested person, and for this purpose authority to compel by subpoena the attendance of necessary witnesses, and the production of necessary books and papers is given. The auditor shall cause such evidence to be taken and preserved, shall cause such complaint and evidence and full transcript of the action of the board thereon to be transcribed, and shall certify to same. Such transcript may be filed by any interested person in the Supreme Court, and shall complete the appeal allowed by law, which transcript shall, in due course, be examined and reviewed by said court and affirmed, modified or annulled as justice may demand."

It will be observed that by the provisions of section 3, supra, the aggrieved person is given the right to appeal from all actions of assessment, and the county attorney is given

such right for the entire tax-paying public of the county, as to equalization. "The aggrieved person," within the meaning of said act, is the one who is directly interested in the assessment—the one whose pecuniary interests are, or may be, adversely affected— the one whose property has been assessed.

This court held in the case of In re Stewart Brothers, 53 Okla. 153, 155 Pac. 1124, that:

"The interest in the subject-matter of litigation which will authorize an appeal from an order or decree therein must be a direct and pecuniary interest in the subject-matter of the particular case.

"A tax ferret has not such an interest, in the subject-matter involved in a proceeding to discover property not listed and assessed for taxation and to list and assess the same, as to authorize him to prosecute an appeal from a final order of the county treasurer to the county court, or from the county court to the Supreme Court."

This case is controlling as to the right of appellant Gulager as tax ferret to appeal, and he as a citizen and taxpayer has not such a direct or pecuniary interest in the subject-matter as will authorize him to prosecute this appeal. The joining of the county attorney is of no benefit, as he is authorized to appeal for the entire taxpaying public of the county, only as to the equalization, and not as to matters of assessment.

There being no constitutional or statutory provision authorizing the appeal, this court is without jurisdiction, and the appeal is dismissed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.