## In re ASSESSMENT OF BUFFALO NORTHWESTERN R. CO.

No. 12028—Opinion Filed Feb. 21, 1922.

(Syllabus.)

**Taxation—Assessment of Railroad by State Board—Appeal by County Attorney—Deficient Record—Absence of Evidence—Dismissal.**

Where a county attorney protested against an assessment of the State Board of Equalization made against certain railroad property, and the matter was reopened, and was set for hearing at future dates, and no one appeared, and the board again continued the hearing, and when next called for hearing, the county attorney and attorney for the railroad company stipulated

for a further continuance, which was denied by the State Board of Equalization, and no evidence was introduced by the party protesting against the assessment, and no reason given for failure to introduce evidence. and said county attorney appeals to this court, even if authorized to appeal, the appeal is without merit and should be dismissed, for the reason there was no evidence introduced, and the records present no question to be reviewed by this court.

Appeal from Order of State Board of Equalization.

Protest by Woods County in the matter of assessment of the Buffalo Northwestern Railroad Company by the State Board of Equalization. Protest dismissed, and the County Attorney appeals. Appeal dismissed.

L. J. Lashley, Co. Atty.. for Woods County.

Cottingham. Hayes, Green & McInnis, for the Railroad Company.

McNEILL, J. The record in this case discloses the following state of facts: The State Board of Equalization, on the 15th day of July, 1920, assessed the property of the Buffalo Northwestern Railroad Company at $100,000. On August 16, 1920, the Board of Equalization. at the suggestion of the county attorney of Woods county, reopened the amount of assessment for consideration at the next meeting of the board, and the attorney for the railroad was to be notified of said fact. On September 13, 1920, the petition of the county officers of Woods county regarding the permanent assessment of the railroad came on for consideration, but no one appeared for the county or railroad company. The matter was continued until the 25th day of September. and all parties were to be notified. On November 23, 1920, the matter of the protest of Woods county against the permanent assessment of the railroad came on for consideration. The county attorney for Woods county and the attorney for the railroad filed a stipulation agreeing to a continuance, which was denied. No evidence was introduced, and the board dismissed the protest.

The county attorney of Woods county, through the direction and authority of the board of county commissioners of Woods county, filed an appeal. The railroad company filed a motion to dismiss the appeal, because the county attorney and the county commissioners were without authority to prosecute or maintain the appeal. The county attorney of Woods county has filed a response to said motion. The exact question was presented and decided in Re As-

sessment of Muskogee Gas & Electric Co., 83 Okla. 167, 201 Pac. 358. The county attorney, however, attempts to distinguish this case from the above entitled case, but we think there is no distinction. Even if there were a distinction, the case should be dismissed, there being no question here for review.

The record discloses that the Board of Equalization reopened the case to hear evidence regarding the assessed valuation of the property, and the case came on for hearing and no one appeared, and the Board of Equalization again continued the case, but no one again appeared, and the county attorney and the attorney for the railroad company again in November attempted to continue the case. This continuance was disallowed and protest dismissed. The record discloses no evidence was introduced and nothing presented to the board, so there is no question to review. The county attorney contends he is entitled to appeal by reason of section 7368, Rev. Laws 1910, as amended by section 15, ch. 152, Session Laws 1910-1911, and section 7309, as amended by the Session Laws 1915, and under and by virtue of chapter 107, art. 1, sec. 3, subd. B. Section 7368, Rev. Laws 1910, contains the following provision:

"Provided, no matter shall be reviewed on appeal which was not presented to Board of Equalization."

The appeal would have to be dismissed for the reason there was no matter presented to the board. There is no evidence in the case. nor showing in the record why evidence was not introduced. and there is no matter to be reviewed under the record. Where there is no question to be reviewed or that can be reviewed in the record. there is nothing for consideration of this court, and the appeal will be dismissed.

For the reasons stated, the appeal will be dismissed.

HARRISON. C. J., and JOHNSON, ELTING, and NICHOLSON. JJ.. concur.