## DOLESE BROTHERS CO. v. BOARD of COM'RS OF COMANCHE COUNTY.

No. 20164. Opinion Filed July 28, 1931.

Rehearing Denied Sept. 15, 1931.

Stevens & Cline, for plaintiff in error.

John W. Tyree, Co. Atty., and W. T. Dixon, Asst. Co. Atty., for defendant in error.

HEFNER, J. Dolese Brothers Company, a corporation, prosecutes this appeal from a judgment of the district court of Comanche county dismissing its appeal from the board of equalization of that county. The appeal was dismissed for the reason that no transcript of the evidence taken before the board of equalization was by it filed in the district court, and for the further reason that appellant, having paid the taxes pending the appeal, failed to serve notice on the county treasurer that the appeal was pending.

Section 9966, C. O. S. 1921, after providing that a taxpayer, feeling aggrieved as to the assessment made by the assessor or the equalization as made by the county board of equalization, may appeal to the district court, concludes as follows:

"And the stenographer of the county court is directed, at the request of the board, or taxpayer, to take shorthand notes of such testimony and to transcribe such complaint and evidence, and a full transcript of the action of the board thereon and file the same with his certificate as to its accuracy in the district court, the filing of which transcript shall complete said appeal, which shall, in due course, be examined and reviewed by said court and affirmed, modified or annulled as justice shall demand. In any case where the county board of equalization shall increase the valuation of any property above the value returned by the assessor, the county assessor shall notify, by mail, the person in whose name any such property is listed, giving the amount of such valuation as increased. and such person shall have ten days from the mailing of such notice in which to appeal from such valuation, and such notice shall state the limit of time for appeal."

Section 9970, C. O. S. 1921, provides:

"The full amount of the taxes assessed against the property of any such aggrieved person shall be paid at the time and in the manner provided by law; and if at the time such taxes or any part thereof become due. any such appeal is pending, it shall abate and be dismissed upon a showing that such taxes have not been paid. When such taxes are paid, the persons paying the same shall give notice to the officer authorized to collect them that an appeal involving such taxes has been taken and is pending. It

shall be the duty of such collecting officer to hold such taxes so paid separate and apart from other taxes collected by him. If upon the final determination of any such appeal, it shall be determined that the taxes were illegally collected as not owing to the state, county and subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes owed by such appellant, and shall issue an order in accordance with the court's findings; and if such order show that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess tax, and shall take a receipt therefor."

It was the duty of appellant under these sections to file a transcript of the evidence taken before the equalization board, and it was also its duty upon paying the taxes to serve notice thereof on the county treasurer in order that taxes so paid might by him be held separate and apart from other taxes collected by him. We think these provisions of the statute are mandatory and must be complied with in order to confer jurisdiction upon the district court to entertain the appeal. These sections constitute portions of the act adopted and passed by the Legislature in 1915. See chapter 107, Session Laws 1915. Appellant contends that the procedure therein provided is not exclusive and that this appeal was taken under section 9675, C. O. S. 1921, being part of the 1911 Act. which was the method in force for taking such appeals prior to the 1915 enactment. This section provides:

"Appeals may be taken from all county boards of equalization to the district or superior court of the county wherein the assessment is made within 30 days after the adjournment thereof, and to the Supreme Court, if from the state board within 60 days after the adjournment of such board, but not afterwards. Provided, that no matter shall be reviewed on appeal which was not presented to the board appealed from; and, provided, further, that every appeal shall state specifically the objections to the assessment and the relief sought. Provided, further, that appeals may be taken from the district or superior courts to the Supreme Court as provided by the Code of Civil Procedure."

Thereunder it was not necessary to file a transcript of the evidence taken before the board of equalization, and trial was had in the district court de novo; nor was it necessary as the law then existed to serve notice upon the county treasurer of the pending appeal where taxes were then paid.

It will be noticed this section provides that no matter shall be reviewed on appeal which was not presented to the board appealed from. In the case of In re Western Union Telegraph Co., 29 Okla. 483, 118 Pac. 376, it was contended that a trial de novo could not be had on appeal under this section. The court said:

"It is not necessary to determine as to whether, had the act provided that the appeal should be tried under the evidence heard by the equalization board, it would be valid. for it does not so provide, and it is not so contended by the Attorney General. The presumption is that, had the Legislature so intended, it would have so expressly indicated. There is no provision in said act for the preserving of the evidence heard by the equalization board, and the certifying of the same up. Such not having been done, the presumption is that it was the intention of the Legislature that the matter should be tried de novo on the issues as presented in the record before the equalization board."

To the same effect is the case of Central Light & Fuel Co. v. State Board of Equalization, 51 Okla. 407, 151 Pac. 1170.

In our opinion, section 9966, supra, was enacted to meet the criticisms of these decisions and to make it clear that in cases of this kind the appeal must be taken by transcript and heard and determined thereon.

Section 9671, C. O. S. 1921, fixes the time of meeting of the board of equalization and provides that ten days' notice thereof shall be given by publication in some newspaper published in the county. This section further provides:

"When any assessment has been raised, or other property added thereto, by the board, five days' notice thereof, in writing, shall be given to the owner of such property, or his agent, properly mailed to such person, at his post office address appearing on the assessment sheet, to appear at a time and place fixed in said notice, and show cause why such assessment shall not be increased or other property added thereto."

Section 9619, C. O. S. 1921, authorizes the county assessor to raise the valuation as given by the taxpayer provided the taxpayer is notified of the change. If the assessment is raised by either the county assessor or the equalization board, or if the taxpayer feels otherwise aggrieved, he is entitled to a hearing as provided by section 9966, supra, and in the event of an adverse decision he may appeal to the district court as therein provided. If, however, the assessment is raised by the board of equalization and notice, as provided by section 9671, supra, is not given in time for the taxpayer to proceed under section 9966, supra, or if no notice whatever is given, or if the valuation is raised by the assessor and no notice is

given the taxpayer, the proceedings are void and the taxpayer may protect himself by paying his taxes under protest and proceeding as provided by section 9971, supra.

In the case of Hays v. Bonaparte, 129 Okla. 258, 264 Pac. 605, the court said:

"When property has been voluntarily listed for taxation by the owner and the valuation placed thereon by him is increased by the assessor or by the board of equalization without timely notice to him or without his knowledge or consent, and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C. O. S. 1921."

It will thus be seen that a taxpayer is fully protected by limiting his right of appeal as provided by section 9966, supra.

Appellant, however, contends that section 9969 makes these methods of appeal cumulative. This section provides:

"This act shall be construed to give remedies and rights in addition to those of appeal heretofore given by statute, but the remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessment or equalization."

The act does not keep in force both methods of appeal; it confers upon taxpayers remedies and right by action otherwise than by appeal which they did not have prior to the passage of the act. It also gives the taxpayer a right of action where the illegality of the tax arises by reason of some action from which the law provides no appeal. Hays v. Bonaparte, supra. We observe no language in the act which indicates that the Legislature intended to make these methods of appeal cumulative. They are inconsistent with and repugnant to each other; both cannot stand. Therefore, the early act must fall. The trial court committed no error in dismissing the appeal.

It is further contended that the Act of 1915 is unconstitutional because in violation of section 57, art. 5, of the Constitution, which in part provides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *"

The act is entitled "An Act to provide a direct and indirect system of taxation. Article 1. Direct system of taxation—amendments. Article 2. Special taxes—Mining property, and gross revenue tax. Article 3. Validating the sections. Article 4. Declaring an emergency." We think the title sufficient. Rumsey v. Diamond, 127 Okla. 72, 259 Pac. 849. It is there said:

"Section 57, art. 5, of the Constitution of Oklahoma, requiring that every act of Legislature shall embrace but one subject, which shall be clearly expressed in the title, is general and comprehensive in its nature, and where the body of the act is germane, relative, and cognate to the title of such act, it is sufficient to meet the requirements of the Constitution."

Details relating to or included in the general subject need not be stated. The sections under consideration are germane to the title, they relate to and are included in the general subject expressed in the title. The title of the act, we think, sufficienly complies with the constitutional requirement.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., not participating.