## In re APPEAL OF TEXAS, O. & E. RY. CO.

No. 23100. Opinion Filed April 4, 1933.

John S. Kirkpatrick, Tom Finney, and McPherren & Maurer, for petitioner.

J. Berry King, Atty. Gen., and F. M. Dudley, Ass't Atty. Gen., and C. W. King, for respondent.

PER CURIAM. This is an original action in the Supreme Court.

On November 27, 1931, the petitioner herein filed their proceedings, in which they allege the filing of their schedule before the State Board of Equalization, the valuation of property therein, and the subsequent raise thereof to the figures stated in the proceedings.

To its petition it files an exhibit "A," which is notice of the appeal given from the proceedings had before the State Board of Equalization, and the grounds upon which the appeal is taken, and therein it is stated:

"This appeal is taken and this notice is given within 60 days of adjournment of the said Board of Equalization as required by sections 9684 and 9685, C. O. S. 1921, allowing and providing for appeals from actions and orders from the State Board of Equalization to the Supreme Court of the state."

The Attorney General, together with the attorney for the Tax Commission, has filed motion to dismiss on the ground that the controlling sections for such appeal are sections 9967 and 9970, C. O. S. 1921 [O. S. 1931, Secs. 12661, 12664], as defined by the rule laid down in Dolese Bros. v. Board of County Com'rs of Comanche County, 151 Okla. 110, 2 P. (2d) 955. A portion of that opinion reads as follows:

"It was the duty of appellant under these sections to file a transcript of the evidence taken before the equalization board, and it was also its duty upon paying the taxes to serve notice thereof on the county treasurer in order that taxes so paid might by him be held separate and apart from other taxes collected by him. We think these provisions of the statute are mandatory and must be complied with in order to confer jurisdiction upon the district court to entertain the appeal. These sections constitute portions of the act adopted and passed by the Legislature in 1915. See chapter 107, S. L. 1915. Appellant contends that the procedure therein provided is not exclusive, and that this appeal was taken under section 9675, C. O. S. 1921, being part of the 1911 act, which was the method in force for taking such appeals prior to the 1915 enactment."

It is apparent by a reading of that case and the entire sections above, and this court now holds, that these provisions provide complete and exclusive remedy for persons who wish to appeal from the action of the Board of Equalization, which supersedes section 9675, C. O. S. 1921 [O. S. 1931, Sec. 12446], and those sections following.

It will be noted that by the provisions of the former sections cited by the appellant herein, the proceedings for the payment of taxes are stayed by the filing of the required notice, whereas, under the provisions of the later section, the payment of taxes is required.

There are several other respects in which the sections differ, but it being apparent that the appellant herein proceeded under the former sections and prior to the aforesaid decision which these sections construed against it, the appeal is, therefore, dismissed.