### INDIAN TERRITORY ILLUMINATING OIL CO v. STATE BOARD OF EQUALIZATION et al.

No. 24271.  Feb. 12, 1935.

W. P. McGinnis, Archibald Bonds, and Donald Prentice, for plaintiff in error.

J. Berry King, Atty. Gen., F. M. Dudley, Asst, Atty. Gen., and C. W. King, for defendants in error.

PER CURIAM. On November 28, 1932, Indian Territory Illuminating Oil Company filed its petition in error against the State Board of Equalization of the state of Oklahoma complaining that on the 24th day of October, 1932, a judgment and order was entered by the said board against the appellant, where the plaintiff in error was seeking to have its property equalized and value its ad valorem taxation in accordance with the value of other taxable property in said state, which order and judgment dismissed the complaint of appellant filed with the said board, and plaintiff in error states that a certified transcript of the record and proceedings before said board is attached to its petition in error marked "Exhibit A" and made a part of the petition in error.

There follow seven assignments of error, and in the prayer of the plaintiff in error it is asked that the judgment or order so rendered dismissing plaintiff in error's complaint filed before the State Board of Equalization be set aside and held for naught, and that the judgment be rendered in favor of plaintiff in error upon the records, and that an order be entered reducing the value of plaintiff in error's property 20 per cent., and that plaintiff in error be restored to all rights that it lost by the rendition of the order and judgment of the State Board of Equalization, and for such other and further relief as the court may seem justified in giving.

It appears that on the 19th day of October, 1932, the plaintiff in error filed a denominated complaint with the State Auditor of the state of Oklahoma, Secretary of the State Board of Equalization, alleging its corporate existence, and that on the 1st day of January, 1932, the complainant was the owner and in possession of stored crude oil in steel storage tanks as described in the complaint and set out in the counties named, barrelage designated and assessed equalized value rendered.

Under seven paragraphs it then proceeds to denominate this property as real estate, and prays for itself and all other taxpayers similarly situated that the Board of Equalization modify, correct, and adjust the equalized valuation of the property aforesaid equal to 20 per cent. less than the present assessed valuation as shown by the assessment rolls and records of said county assessors in the state of Oklahoma for the year 1932, and to the end that the assessment of property of complainant aforesaid, together with all other taxpayers similarly situated, be made to conform to and equalize with the assessed and equalized value of all real estate and properties owned and held by "public service" corporations in the state of Oklahoma for the year 1932. Therein complainant further prays that a day certain be set by the State Board of Equalization to hear and determine the grievances of this complainant and the appurtenant facts and evidence with respect thereto, and that the board should order and cause such evidence to be taken and preserved and a full transcript of the proceedings made.

On October 24, 1932, upon motion duly made and seconded by the members of the Board of Equalization, said board refused to consider the complaint and dismissed said complaint.

On the 18th day of November, 1932, there was filed what is denominated notice of appeal with the State Auditor, a copy of which is attached to the transcript of this proceeding.

A motion to dismiss has been filed by the State Board of Equalization and therein it is stated:

"The purported and attempted appeals, above styled and numbered, should each be dismissed for the following reasons:

"(a) No authority existed authorizing plaintiffs in error to file the complaints before the State Board of Equalization.

"(b) The State Board of Equalization was without jurisdiction to entertain or consider said complaints; and

"(c) This court is without jurisdiction to entertain said purported and attempted appeals."

518

The position of the board is that under section 3, subdivision B, art. 1, of chapter 107 of Session Laws 1915 (sec. 12661, Okla. Stat. 1931), the only operative provisions of law authorizing an appeal provides solely and exclusively for appeals from State Board of Equalization to the Supreme Court in actions involving appeals by: First, railroads or public service corporations from acts of assessment by said board at which they are aggrieved, and, second, appeals by county attorneys for "the entire taxpaying public of the county as to the equalization."

The plaintiff in error is not afforded by constitutional provisions or legislative enactment a right of appeal from the State Board of Equalization to the Supreme Court.

They cite in support of this section 3, subdivision B, art. 1, chap. 107, Session Laws 1915 (sec. 12661, Okla. Stat. 1931), and Dolese Bros. Co. v. Board of County Com'rs, Comanche County, 151 Okla. 110, 2 P. (2d) 955; In re Appeal of Texas, O. & E. Ry. Co., 163 Okla. 25, 20 P. (2d) 877; In re Appeal of Okla. & R. M. R. Co., 163 Okla. 26, 20 P. (2d) 878.

The court in the syllabus of In re Appeal of Texas, O. & E. Ry. Co., supra held:

"Sections 9967 to 9970, C. O. S. 1921 (O. S. 1931, secs. 12661-12664), provide a complete and exclusive remedy for appeals from the action of the State Board of Equalization by aggrieved persons, and when the mandatory requirements of those sections are not complied with, the appeal will be dismissed."

Under the above section and the authorities cited in construction thereof, the only appeals that lie from the State Board of Equalization to the Supreme Court are those authorized and provided under said section 3, subd. B, art. 1, chap. 107, Session Laws 1915 (section 12661, Okla. Stats. 1931), and apply exclusively to appeals by railroads or public service corporations from acts of assessment by the said board of which they are aggrieved and appeals by county attorneys for "the entire taxpaying public of the county as to the equalization."

Under the operation of the law as amended by chapter 107, Session Laws 1915, plaintiff in error is not afforded by constitutional provision or legislative enactment the right of appeal from the State Board of Equalization to the Supreme Court. They are not aggrieved persons within the meaning and purview of said act.

In the case of In re Assessment of Muskogee Gas & Electric Co., 83 Okla. 167, 201 P. 358, this court was considering section 3, subd. B, art. 1, chapter 107, Session Laws 1915, cited above, and there this court held:

"The right of appeal exists only where expressly given by constitutional provision or legislative enactment, and the right cannot be extended to cases which do not come within the Constitution or statute. * * *

"It will be observed that by the provisions of section 3, supra, the aggrieved person is given the right to appeal from all actions of assessment, and the county attorney is given such right for the entire taxpaying public of the county, as to equalization. 'The aggrieved person,' within the meaning of said act, is the one who is directly interested in the assessment—the one whose pecuniary interests are, or may be adversely affected—the one whose property has been assessed. * * *

"There being no constitutional or statutory provision authorizing the appeal, this court is without jurisdiction and the appeal is dismissed."

Plaintiff in error urges that it has followed the proper procedure, and that this appeal is authorized under the Constitution and statutes and has been approved by the decisions of this court in the case of Thompson v. Brady, 42 Okla. 807, 143 P. 6; Huckins Hotel Co. v. Board of County Com'rs, 64 Okla. 235, 166 P. 1043. In Thompson v. Brady, supra, the court had under consideration sections 7368, 7369, 7370, Rev. Laws 1910, the same now being sections 12651, 12652, and 12653 of the Okla. Statutes 1931. And in Huckins Hotel Co. v. Bd. Com'rs, supra, it was considering section 7370. Rev. Laws 1910, now section 12653, Okla. Stats. 1931.

The sections of the statute considered by the court in these two opinions, together with section 15 of chapter 152, Session Laws 1910-11 (12643, Okla. Stat. 1931), were rendered inoperative and of no force by sections 2 and 3 of subdivision B, art. 1, chapter 107, Session Laws 1915 (secs. 12660, 12661, Okla. Stat. 1931). In re Appeal of Texas, O. & E. R. Co., 163 Okla. 25, 20 P. (2d) 877; In re Appeal of Oklahoma & R. M. R. Co., 163 Okla. 26, 20 P. (2d) 878; and Dolese Bros. v. Bd. Co. Com'rs of Comanche County, 151 Okla. 110, 2 P. (2d) 955.

With repeal of the sections of the statute involved in the cases cited above and relied upon by the plaintiffs in error herein, the procedure and remedies afforded ceased to exist except in so far as they were preserved to aggrieved parties by sections 2 and 3, subd. B, art. 1, chapter 107, Session Laws 1915, cited, supra.

It is urged by plaintiff in error that the county board of Equalization had adjourned long prior to the time of the alleged basis for plaintiff in error's complaint, and that it was thereby deprived of the right of resorting to such board and appeal therefrom as provided for under section 12660, O. S. 1931. If that were true, such facts could not operate to extend or create the right of appeal under these sections.

This court has held:

"The right of appeal exists only where expressly given by constitutional provision or legislative enactment and the right cannot be extended to cases which do not come within the Constitution or statute." In re Assessment of Muskogee Gas & Electric Co., 83 Okla. 167, 201 P. 358; Cleal et al. v. Higginbotham et al., 49 Okla. 362, 153 P. 64; Lowe et al. v. Consolidated School District, 79 Okla. 115, 191 P. 737; Brown v. Holloway's Estate (Colo.) 108 P. 25; In re Sharp (Idaho) 96 P. 563, 18 L. R. A. (N. S.) 886; State v. District Court (Mont.) 99 P. 139; Garcia v. Free (Utah) 88 P. 30; State v. Chittenden (Wis.) 107 N. W. 500; Sullivan v. Haug (Mich.) 46 N. W. 795, 10 L. R. A. 263; 2 Ruling Case Law 27."

The appeal is therefore dismissed.