The sole question for us to decide in this case, as I view it, is whether the order of the board of equalization of Tulsa county refusing to cancel the assessment of the cattle was appealable. *Page 333 
I agree that, under section 6, ch. 115, S. L. 1933, the board of equalization had jurisdiction of the application to strike the property from the tax rolls. Its jurisdiction is: (a) To raise valuations; (b) To lower valuations; (c) To add omitted property; (d) To cancel assessments of property not taxable.
It does not follow that, because the board had jurisdiction to hear the application to cancel the assessment, an appeal lies. Appeals are purely statutory, except as provided by the Constitution, and the courts must follow the legislative mandate as to when, in what manner, and from what orders, they may be taken. Board of Commissioners of Kingfisher County v. Guarantee State Bank (1911) 27 Okla. 736, 117 P. 216; Rogers v. Duncan (1916) 57 Okla. 20, 156 P. 678; In re Muskogee Gas 
Electric Co. (1921) 83 Okla. 167, 201 P. 358; Hays v. Bonaparte (1928) 129 Okla. 258, 264 P. 605; see, also, Indian Territory Illuminating Oil Co. v. State Board of Equalization (1935)170 Okla. 516, 41 P.2d 453; 61 C. J. 837. There is no constitutional provision applicable to the appeal in this case.
Section 12660, O. S. 1931 (in force from 1915 to 1933), provided for appeals from the county board of equalization by "any taxpayer feeling aggrieved at the assessment as made by the assessor or the equalization as made by the county board of equalization." But by section 7, chap. 115, Sess. L. 1933, this law was amended so as to provide for such appeals only where the "county board of equalization shall increase the valuation of any property above the value returned by the taxpayer." Thus it will be seen that the Legislature has provided that the only order from which an appeal may be made is oneincreasing the assessment above the "value returned by thetaxpayer." In the instant case there was no "value returned by the taxpayer," therefore, in my opinion the order attempted to be appealed from is not the one provided by statute and the appeal does not lie.
In this connection the majority opinion states:
"The amended act provides for an appeal only when the assessment is increased. We think, however, that an assessment is increased within the meaning of the act when it is increased from zero or no assessment as well as when it is increased from some valuation, nominal or otherwise."
But this language fails to give effect to the fact that the value must be increased above the "value returned by the taxpayer" before an appeal is allowed.
As construed by the majority opinion, this statute is held, in effect, to provide that the appeal can be taken "where the county board of equalization shall increase the valuation of any property (regardless of whether the owner has made a return), or where the, county board of equalization denies application to cancel assessments of property not taxable in the county." This in effect reads out of the statute the words "above the value returned by the taxpayer" and reads into the statute the right to appeal from an order denying an application to "cancel assessments of property not taxable in the county." In 25 R. C. L. 963, it is said:
"The courts have no legislative powers, and in the interpretation and construction of statutes their sole function is to determine, and within the constitutional limits of the legislative power to give effect to, the intention of the Legislature. They cannot read into a statute something that is not within the manifest intention of the Legislature as gathered from the statute itself. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret. If the true construction will be followed with harsh consequences, it cannot influence the courts in administering the law. The responsibility for the justice or wisdom of legislation rests with the Legislature, and it is the province of the courts to construe, not to make, the laws. There is a marked distinction between liberal construction of statutes, by which courts, from the language used, the subject matter, and the purpose of those framing them, find out their true meaning, and the act of a court in ingrafting upon a law something that has been omitted, which the court believes ought to have been embraced. The former is a legitimate and recognized rule of construction, while the latter is judicial legislation, forbidden by the constitutional provisions distributing the powers of government among the three, departments, the legislative, the executive, and the judicial."
In the case of In re Assessment of Kansas City Southern Ry. Co. (1934) 168 Okla. 495, 33 P.2d 772, this court, construing this same act of the Legislature, held that the attempt of the Legislature to bind this court as to the nature of the appeal (defining it as an administrative, rather than a judicial, appeal) was ineffective as violative of the theory of separation of powers of the three departments of government as required by section 1, art. 4, of the Oklahoma Constitution. I regret to see the majority opinion do precisely what this court, *Page 334 
in that case, condemned the Legislature for doing; for, as I view it, the effect of the majority opinion is, not to carry out the plain intention of the Legislature, but to authorize an appeal where the Legislature did not intend for an appeal to exist. Our right to construe a law enacted by the Legislature does not include the right to "amend or change the law under the guise of construction." See 59 C. J. 945, notes 52 and 55. I do not know why the Legislature, in section 7 of the act in question limited the appeal to on order in but one instance, after giving the board jurisdiction to make orders in four instances as was done in section 6, but that is a matter committed exclusively to the judgment of the Legislature, and the court has no right to question its wisdom. Suffice it to say that under the law prior to the amendment (sec. 12660. O. S. 1931), the appeal in this case would have been authorized, but under the amendment I think it is not.
For these reasons, I dissent.