2012 OK CIV APP 101

**CACTUS DRILLING COMPANY, Plaintiff/Appellant,**

v.

**Cherry HEFLEY, County Assessor of Coal County; Carol Denson, County Treasurer of Coal County; and The Board of Equalization of Coal County, Defendants/Appellees.**

No. 109,366.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 11, 2012.

Eric R. Schelin, J. Michael Medina, Frederic Dorwart, Lawyers, Tulsa, Oklahoma, for Appellants.

Greg Jenkins, Atoka, Oklahoma, for Appellees.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Plaintiff/Appellant Cactus Drilling Company (Plaintiff) seeks review of the trial court's order granting the motion to dismiss of Defendants County Assessor, County Treasurer and Board of Equalization (collectively, Defendants), thereby denying Plaintiff's protest of ad valorem taxes. In this proceeding, Plaintiff challenges the trial

court's order as affected by errors of both law and fact.

¶2 Defendant County Assessor valued Plaintiff's property, particularly a drilling rig and other oil field equipment, located in Coal County. Plaintiff appealed to the County Board of Equalization, which affirmed the Assessor's valuation.

¶3 On July 9, 2008, Plaintiff commenced this action for review of the assessment in the trial court by filing of its "Petition [for] De Novo Appeal," and alleged Assessor's overvaluation of its property with affirmance of the Assessor's valuation by the County Board of Equalization. To the Petition for De Novo Appeal, Plaintiff attached and filed a "Notice of Appeal," addressed to the *County Clerk.*

¶4 On December 30, 2008, by check dated two days earlier, Plaintiff paid the assessed tax, and averred its payment was accompanied by a Form 990 "Payment of Taxes under Protest Due to Pending Appeal." However, Defendant Treasurer's employees attested that Plaintiff's payment was not accompanied by either a Form 990 Notice of Payment Under Protest or a copy of the Plaintiff's Petition for De Novo Appeal attached as required by 68 O.S. § 2884(B).

¶5 Defendants filed a motion to dismiss. Defendants alleged that Oklahoma law, 68 O.S. § 2884(B), required the protestant (1) to give notice of the protest on a prescribed form at the time of payment of the tax and (2) to attach to the notice of protest the petition for review filed in the trial court, but that Plaintiff wholly failed to comply with the statute in the present case. So, said Defendants, the trial court lacked subject matter jurisdiction to hear Plaintiff's appeal.

¶6 Plaintiff responded. Plaintiff argued that the case had been on file for almost two years, that the parties had proceeded with preparations toward the trial date, and that Defendants suffered no prejudice from their failure to attach their protest form to the petition already filed.

¶7 On consideration of the parties' submissions, the trial court granted Defendants' motion to dismiss:

[T]he Court finds the motion to dismiss is well taken and should be granted. *See, Matter of the Assessment of Certain Personal Property Owned by Visteon Corporation,* 91 P.3d 690 (Okl.App.2004).

Plaintiff appeals and the matter stands submitted on the trial court record. *See,* Rule 4(m), Rules for District Courts, 12 O.S. Supp. 2002, Ch. 2, App.; Okla.Sup.Ct.R. 1.36, 12 O.S. Supp.2003, Ch. 15, App.

¶8 "The standard of review for questions concerning the jurisdictional power of the trial court to act is *de novo.*" *Dilliner v. Seneca–Cayuga Tribe,* 2011 OK 61, ¶12, 258 P.3d 516, 519. (Citation omitted.) Likewise, "[i]n cases involving questions of law relating to statutory interpretation, the appropriate standard of review is *de novo,* 'i.e., a non-deferential, plenary and independent review of the trial court's legal ruling[s].'" *Hubbard v. Kaiser–Francis Oil Co.,* 2011 OK 50, ¶6, 256 P.3d 69, 72. (Citations omitted.)

¶9 Furthermore, "[s]ubject matter jurisdiction [concerns] the power and authority of a court to hear and determine causes of the kind in question[,] [and] [s]ince subject matter jurisdiction concerns the competency of the court to determine the particular matter, it cannot be waived by the parties or conferred upon the court by their consent and it may be challenged at any time in the course of the proceedings." *In re A.N.O.,* 2004 OK 33, ¶9, 91 P.3d 646, 649. (Citations omitted.) Questions concerning the subject matter jurisdiction of the lower court are also subject to *de novo* review.

¶10 Section 2884 of title 68, O.S.2001, provides:

A. *The full amount of the taxes assessed against the property of any taxpayer who has appealed* from a decision affecting the value or taxable status of such property as provided by law *shall be paid at the time and in the manner provided by law. . . .*

B. *When such taxes are paid, . . ., the persons protesting the taxes shall give notice to the county treasurer that an appeal involving such taxes has been taken and is pending, . . . . The notice shall be on a form prescribed by the Tax Commission*

*.... The taxpayer shall attach to such notice a copy of the petition filed in the court or other appellate body in which the appeal was taken ....*

*C. It shall be the duty of the county treasurer to hold taxes paid under protest separate and apart from other taxes collected ....*

68 O.S. § 2884. (Emphasis added.) Under § 2884(C), the treasurer is duty bound to hold taxes paid under protest separate until the protest is decided. *Dolese Bros. Co. v. Board of Com'rs of Comanche County,* 1931 OK 480, 151 Okla. 110, 2 P.2d 955. However, the question of compliance with § 2884(B) and the impact of noncompliance on the authority of the district court to entertain appeals from tax assessments has not been extensively examined.

¶ 11 In *Dolese Bros.,* the taxpayer sought to appeal the denial of its protest before the County Board of Equalization, but the district court dismissed the protestant-taxpayer's appeal because the taxpayer failed to attach a copy of the transcript of evidence adduced before the Board to the protest, and failed to notify the county officials of the pendency of its appeal as required by the predecessor to § 2884. 1931 OK 480, ¶ 1, 2 P.2d at 955. In affirming the trial court, the Oklahoma Supreme Court held:

> It was the duty of appellant under these sections to file a transcript of the evidence taken before the equalization board, and it was also its duty upon paying the taxes to serve notice thereof on the county treasurer in order that taxes so paid might by him be held separate and apart from other taxes collected by him. We think these provisions of the statute are mandatory, and must be complied with in order to confer jurisdiction upon the district court to entertain the appeal.

*Dolese Bros.,* 1931 OK 480, ¶ 4, 2 P.2d at 956.

¶ 12 In *Means v. Blevins,* 1995 OK 76, 898 P.2d 1286, the taxpayer sought to appeal an ad valorem tax evaluation in the district court. 1995 OK 76, ¶ 1, 898 P.2d at 1286. The "Petitioners/County Assessor and Board of Equalization [sought] to prohibit the respondent judge from proceeding further ... based on lack of jurisdiction." *Id.* Relying on *Dolese Bros.,* the Supreme Court assumed jurisdiction and granted the requested writ of prohibition:

> Application to assume original jurisdiction is granted. Taxpayer objected to evaluation of property but failed to give statutory notice to County Treasurer that appeal had been taken. Let writ issue prohibiting respondent judge from proceeding in Cause No. CJ–93–4383 on the docket of the District Court Oklahoma County for lack of jurisdiction for failure to comply with 68 O.S.1991 § 2884(B). *Dolese Bros. Co. v. Board of Com'rs of Comanche County,* 151 Okl. 110, 2 P.2d 955 (1931).

*Means,* 1995 OK 76, ¶ 2, 898 P.2d at 1286.

¶ 13 In *Visteon Corp. v. Yazel,* 2004 OK CIV APP 52, 91 P.3d 690, the taxpayer "filed its Petition in the trial court pursuant to 68 O.S.2001 § 2880.12 (hereafter § 2880.1) seeking a trial *de novo* 'to correct the assessment made by the County Assessor and the [Equalization] Board' [because] ... the County Assessor 'failed to utilize proper methodology in determining the fair market value' of its personal business property ..., making the valuation arbitrary and excessive." 2004 OK CIV APP 52, ¶ 2, 91 P.3d at 691. "Assessor moved to dismiss Visteon's ... assessment appeal ... [and] asserted the trial court lacked subject matter jurisdiction over that appeal because Visteon had not given proper notice in accordance with 68 O.S.2001 § 2884(B) (hereafter § 2884(B)) when the 2002 taxes were paid." *Visteon Corp.,* 2004 OK CIV APP 52, ¶ 4, 91 P.3d at 692. The trial court dismissed the action, and, relying on *Dolese Bros.* and *Means,* the Court of Civil Appeals affirmed:

> [I]n view of Assessor's motion to dismiss for lack of subject matter jurisdiction, we hold that proof of Visteon's compliance with § 2884(B) is required for continuing jurisdiction in the trial court to determine if the assessed value was proper.
>
> ...
>
> We hold the trial court correctly determined, notwithstanding the conflicting evidence, that Visteon failed to meet its burden to prove compliance with § 2884(B).

In the absence of such proof, the trial court was without jurisdiction to hear Visteon's appeal of the 2002 personal property tax assessment.

*Visteon Corp.*, 2004 OK CIV APP 52, ¶¶ 11, 35, 91 P.3d at 693, 696. On this analysis, we are likewise persuaded that compliance with the notice provisions of § 2884(B) constitutes a jurisdictional prerequisite to district court review in this matter.

¶ 14 In the present case, the Plaintiff alleged it filed its notice of payment under protest with its payment of taxes. Defendants attested Plaintiff's payment was not accompanied by a notice of payment under protest or with its petition for de novo appeal attached to the notice. While it is disputed whether Plaintiff filed a Form 990 at the time of payment of the tax, Plaintiff did not argue it ever provided a copy of the "petition filed in the court" *at the time of payment* as required by § 2884(B).

¶ 15 "The trial court could properly consider the evidentiary materials in determining if the appeal should be dismissed for lack of subject matter jurisdiction." *Yazel*, 2004 OK CIV APP 52, ¶ 13, 91 P.3d at 693. On the evidence, the trial court concluded it lacked subject matter jurisdiction, and, upon *de novo* review, we agree.

¶ 16 The Oklahoma legislature has mandated that, at the time of payment of the tax, the taxpayer give notice of appeal and provide a copy of the appeal to the County Treasurer so that the Treasurer may segregate and hold apart the protested taxes. Without that, the Treasurer cannot perform its statutory duty. The legislature has specified in § 2884(B) when and how the notice of protest must be given. The language of the statute leaves no room for substantial compliance. Failure to notify the county treasurer of the payment of tax under protest with a copy of the petition for review attached as required by § 2884(B) deprives the court of subject matter jurisdiction to act. The evidentiary materials demonstrate Plaintiff did not give the notice required by § 2884(B).

¶ 17 The order the trial court is AFFIRMED.

BUETTNER, P.J., and GOREE, J., concur.